Gerald W. **MOORE,** Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 23234.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 15, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 5, 2000.

Application for Transfer Denied
Oct. 31, 2000.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane D. Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Presiding Judge.

Gerald W. Moore (movant) appeals the denial of a Rule 29.15 motion directed to his conviction for possession of a controlled substance. *See State v. Moore,* 972 S.W.2d 658 (Mo.App.1998). Movant filed a *pro se* motion. Counsel was appointed and an amended motion filed. The motion was denied after an evidentiary hearing. This court affirms.

One of the grounds raised in movant's amended motion was a claim that he received ineffective assistance of counsel in the underlying criminal case. Movant alleged that the attorney who represented him in his criminal case "failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances"; that, as a result thereof, he was prejudiced. Movant alleged his defense counsel was ineffective for failing to call David Jeffrey Adams as a witness at the suppression hearing and at trial.

To prevail on his claim of ineffective assistance of counsel, movant must have proven, by a preponderance of evidence, that his trial counsel's performance was deficient and that the deficient performance prejudiced the outcome in his case (as opposed to showing the deficient performance had some conceivable effect on the outcome). *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* [738 S.W.2d 856, 857 (Mo. banc 1987)], (emphasis in original). However, a court need not determine the performance component of the test before examining for prejudice. *Id.; State v. Woods,* 861 S.W.2d 326, 333 (Mo.App.1993). Further, after a plea of guilty, ineffective assistance of counsel is relevant only to the extent it affects the voluntariness of the plea. *Wesson v. State,* 768 S.W.2d 160, 162 (Mo.App.1989); *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App. 1987).

*Reece v. State,* 891 S.W.2d 863, 866 (Mo. App.1995).

The facts concerning movant's arrest are set out in the opinion from movant's direct appeal. Movant is referred to as "Defendant" in that opinion.

On January 28, 1997, Springfield police officers Corporal Mark Deeds and Corporal James McCulloch went to 908 West State Street to look for Van Johnson, a burglary suspect. Upon arriving at this house, they first knocked on the front door. Thereon, David J. Adams came around the west side of the house. After questioning Adams, Deeds asked if he and McCullough [sic] could "go into

the basement and look to ensure that Van Johnson was not there." Adams responded they "could." Adams then opened the basement door and "let [Deeds and McCulloch] in."

As Adams walked down the stairway, followed by the policemen, Deeds heard someone say, "Who is it?" Adams answered, "Popo[,]" a phrase explained as a "common slang term ... used in the street to refer to police." At that time, Deeds saw Defendant in the basement, standing against a ledge, with an object in his hand. He (Deeds) immediately recognized the object as a crack pipe. Deeds testified that as soon as Defendant "saw someone else was behind ... Adams, he [Defendant] threw the [pipe] over his shoulder, up on this ledge in the basement." Deeds then retrieved the pipe, placed Defendant under arrest, and "searched his person incident to arrest." Upon his search of Defendant, Deeds found and seized a plastic bag of material that was later confirmed to be crack cocaine.

*State v. Moore,* 972 S.W.2d at 660.

In this appeal, movant argues his trial attorney was deficient in failing to adequately investigate and failing to call David Adams as a witness with respect to Adams' authority to consent to police officers entering the house where movant was arrested; that the motion court erred in not so holding.

This court held in the direct appeal that it was reasonable that the officers who arrested movant believed Adams had mutual use and joint access or control of the basement where movant was arrested. *Id.* at 662. It held that the search of the basement was not violative of movant's constitutional rights; that there was no error in admitting the evidence obtained at those premises. *Id.* Its holding was based on the principle that a warrantless search is valid "if the officers reasonably believed the person giving consent had authority to do so, regardless of whether the officer's belief is later proved to be erroneous." *Id.*

at 660. *See State v. Smith,* 966 S.W.2d 1, 7 (Mo.App.1997) (citing *Illinois v. Rodriguez,* 497 U.S. 177, 186, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)).

Movant's allegation of ineffective assistance of counsel is based on the failure of movant's trial counsel to locate David Jeffrey Adams through investigation and secure his presence as a witness. The reason movant asserts Adams' presence was required was to prove Adams did not have actual authority to consent to a search of the basement where movant was arrested. That issue is of no consequence in view of the holding that the officers who arrested movant reasonably believed Adams had authority to consent to the search. Even if movant's trial counsel were deficient in failing to locate Adams and failing to present him as a witness, a determination this court does not make, movant was not prejudiced. The judgment denying movant's Rule 29.25 motion is affirmed.

SHRUM and MONTGOMERY, JJ., concur.