**Norma Jamill BARNUM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59425.**

Missouri Court of Appeals, Western District.

Aug. 14, 2001.

Lisa M. Stroup, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for Respondent.

Before LOWENSTEIN, P.J., ULRICH and HARDWICK, JJ.

ULRICH, Judge.

Norma Barnum appeals the judgment of the motion court denying her Rule 29.15 motion for postconviction relief without an

evidentiary hearing. Ms. Barnum was convicted of assault in the first degree, section 565.050, RSMo 2000, as an accomplice in the beating of Candis West and was sentenced to ten years imprisonment. The conviction and sentence were affirmed by the Missouri Supreme Court in *State v. Barnum*, 14 S.W.3d 587 (Mo. banc 2000).

Ms. Barnum filed her pro se Rule 29.15 motion to vacate, set aside, or correct the judgment or sentence on June 1, 2000. Counsel was appointed, and an amended motion and a request for an evidentiary hearing was filed on August 30, 2000. The amended motion alleged that Ms. Barnum was denied effective assistance of counsel. The motion court denied Ms. Barnum's motion without an evidentiary hearing. This appeal followed.

On appeal, Ms. Barnum claims that the motion court clearly erred in denying her motion for postconviction relief without an evidentiary hearing. She asserts that trial counsel was ineffective (1) in failing to cross-examine a witness about the disposition of her juvenile case, (2) in failing to object to the prosecutor's comment during voir dire regarding Ms. Barnum's right not to testify, and (3) because counsel violated the rule of client confidentiality by examining Ms. Barnum on the record regarding her decision not to testify.

■ Appellate review of the denial of a postconviction motion is limited to determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996), *cert. denied*, 519 U.S. 933, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, an appellate court is left with the definite and firm impression that a mistake has been made. *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992).

■ An evidentiary hearing is required if (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the record in the case; and (3) the matters complained of resulted in prejudice. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992).

■ To prevail on an ineffective assistance of counsel claim, a movant must establish that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Prejudice exists only where trial counsel's acts or failures to act are outcome determinative." *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied*, 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). The movant must show a reasonable probability that, but for her attorney's unprofessional errors, the result of the proceeding would have been different. *Id.* A strong presumption exists that trial counsel was effective, and the movant bears a heavy burden of overcoming the presumption by a preponderance of the evidence. *Tokar*, 918 S.W.2d at 761. If it is simpler to dispose of a claim of ineffectiveness on the ground of lack of sufficient prejudice, a court should follow that course. *Sidebottom v. State*, 781 S.W.2d 791, 796 (Mo. banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990) (citing *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052).

■ In her first point on appeal, Ms. Barnum claims that trial counsel was ineffective in failing to cross-examine a witness, Heather Belt, about the disposition of her juvenile case. Specifically, Ms. Barnum claims that counsel was ineffective in

failing to elicit from Ms. Belt, who was fifteen at the time of the crime, that she had been charged as a juvenile for the beating of Candis West and placed in the custody of the Division of Youth Services. Ms. Barnum claims that she was prejudiced by counsel's failure to cross-examine Ms. Belt because "[i]f the jury had understood that Ms. Belt had received more favorable treatment from the state than Ms. Barnum had, and was not testifying for the state, the jurors would have understood that Ms. Belt had a motive to lie."

■■■■ The mere failure of trial counsel to impeach a witness does not entitle a movant to postconviction relief. *State v. Phillips*, 940 S.W.2d 512, 524 (Mo. banc 1997). The movant has the burden of establishing that the impeachment would have provided her with a defense or would have changed the outcome of the trial. *Id.* The movant must also overcome the presumption that counsel's decision not to impeach was a matter of trial strategy. *Id.*

■■■ Ms. Barnum failed to establish that the impeachment would have provided her with a defense or would have changed the outcome of the trial. Ms. Barnum did not allege in her motion that Ms. Belt had charges pending against her in the juvenile court at the time of trial or that Ms. Belt made a deal with the prosecutor in exchange for her testimony or had a basis to expect favorable treatment for her testimony. Without such circumstances, Ms. Belt's juvenile records would not have been admissible to impeach her. *See State v. Baker*, 859 S.W.2d 805, 810 (Mo.App. E.D.1993)(where juveniles were victims of the crime with which the defendant was charged, did not have any proceedings pending against them at the time of trial, and were unlikely to testify in expectation of leniency, court's refusal to allow defendant to cross-examine juveniles about their records was not an abuse of discretion).

Counsel will not be deemed ineffective for failing to present inadmissible evidence. *State v. Twenter*, 818 S.W.2d 628, 638 (Mo. banc 1991).

■■■ Additionally, even if the juvenile records were admissible to impeach Ms. Belt, such impeachment would not have changed the outcome of the trial. Ms. Belt testified at trial that she and a group consisting of Ms. Barnum, Christina Cassidy, Jessica Griffin, and Travis Laster planned the attack on the victim. She explained that she, Ms. Cassidy, and Ms. Griffin then beat the victim. The witness testified that Ms. Barnum and Mr. Laster did not touch the victim and that Ms. Barnum stood by the van during the beating. She also testified that she did not remember Ms. Barnum saying anything during the beating. Mr. Laster and the victim, Ms. West, both testified in detail about Ms. Barnum's attempt to incite the three girls to kill Ms. West. Mr. Laster testified that although Ms. Barnum did not hit Ms. West, she told the girls to "[j]ust kill her" and to "[j]ust run her over with the van." With the testimony of Mr. Laster and Ms. West, the impeachment of Ms. Belt, who could not remember if Ms. Barnum said anything during the attack, would have had little beneficial value to Ms. Barnum's defense. Point one is denied.

■■■ In her second point on appeal, Ms. Barnum claims that trial counsel was ineffective in failing to object to the prosecutor's comment during voir dire regarding Ms. Barnum's right not to testify. The prosecutor made the following statements during voir dire:

The second term that we talk about probably endlessly and to the point that you're all tired of it is the burden of proof. And that's the idea that it's up to me to prove to you that the Defendant

did what we charged. It's not up to the Defendant to prove anything. The Defendant doesn't have to present any evidence, doesn't have to testify, and that's our legal system. That's the way it works in our legal system. Now, some people might think that we should do it a different way, but we don't.

Ms. Barnum claims that she was prejudiced by trial counsel's failure to object to the comments of the prosecutor because (1) counsel never gave the court the opportunity to use the less drastic remedies of sustaining the objection and admonishing the jury to disregard the comments, (2) the issue was reviewed under the plain error standard on direct appeal because counsel did not properly preserve the issue for review, and (3) the prosecutor was able to highlight that she did not testify and thereby encouraged the jury to draw an adverse inference from her failure to testify.

■ Ms. Barnum's claim of ineffective assistance of counsel is closely related to an issue considered and rejected in her direct appeal. Issues decided in the direct appeal of a case cannot be relitigated on the theory of ineffective assistance of counsel in a postconviction proceeding. *Sidebottom v. State*, 781 S.W.2d at 796. On direct appeal, Ms. Barnum claimed that the prosecutor's statements made during voir dire concerning her right not to testify resulted in plain error. *Barnum*, 14 S.W.3d at 589. The Missouri Supreme Court found that manifest injustice did not result from the statements. *Id.* at 592. On the facts and circumstances of the present case, the Missouri Supreme Court's reasons for finding no manifest injustice on the direct appeal serve now to establish a finding of no prejudice under the *Strickland* test. *See Sidebottom*, 781 S.W.2d at 796 (where the bases for the Court's finding on direct appeal of no manifest injustice from the inadvertent sending of evidence of prior crimes to the jury during deliberations served to establish a finding of no prejudice under the *Strickland* test on appeal in postconviction relief proceeding). The Court on direct appeal explained that the remarks did not pertain to Ms. Barnum's failure to testify but were merely restatements of the law and general comments concerning the rights of any defendant in a criminal trial. *Barnum*, 14 S.W.3d at 592. It concluded that due to the nature of the remarks and the stage of the trial at which they were made, plain error did not result. *Id.* at 592. For these same reasons, Ms. Barnum has failed to show that, but for trial counsel's failure to object and request a curative instruction, the result of the proceeding would have been different. Point two is denied.

■ Finally, Ms. Barnum claims that trial counsel was ineffective because counsel violated the rule of client confidentiality by examining Ms. Barnum on the record regarding her decision not to testify. After overruling Ms. Barnum's motion for judgment of acquittal at the close of the State's evidence, the court announced its intention to make a record regarding Ms. Barnum's decision not to testify:

THE COURT: Ms. Barnum, your attorney has talked to you about this. The State's case is closed, and at this time it would be the time for the defense to present evidence. And your attorney has advised me that you have indicated that you do not want to testify, which is a right that you have, either to testify or not, which you make, but I want to make that on the record. So if you would, would you please raise your right hand to be sworn just for that purpose?

(NORMA J. BARNUM, having been first duly sworn by the Court, testified as follows:)

*EXAMINATION BY MS. BROWN
(DEFENSE ATTORNEY)*

Q: Were you advised of your right to testify?

A: Huh?

Q: Were you advised that you have the right to testify?

A: Yes.

Q: And whether or not you testify is your decision?

A: Yes.

Q: Now, you have made that decision after advised by counsel—in this case that would be me—correct?

A: Yes.

Q: I gave you my advice as to whether you should or should not testify, correct?

A: Correct.

Q: After I gave you that advice, you made the decision not to testify?

A: Correct.

*EXAMINATION BY THE COURT*

Q: And are you doing that of your own free will?

A: I don't want to.

Q: You don't want to, but, I mean, nobody has exercised any pressure on you one way or the other; is that right?

A: Right.

Q: Okay. And you have made your own decision after talking with your attorneys that you do not want to testify?

A: Right.

Q: Okay. And you understand you have a right either to testify or not testify—

A: Correct.

Q: —whichever way you decide you want to do it. Do you understand that?

A: Yes.

Q: Okay.

*EXAMINATION BY MS. BROWN*

Q: Do you also understand that no matter what my advice would be or was, that you could go against my advice?

A: Correct.

Q: Okay.

*EXAMINATION BY THE COURT*

Q: Now, one more thing, Ms. Barnum, your attorney has indicated to me that you don't have any other evidence or any other witnesses that you want to present in this case. I'm not talking about your own testimony; I'm talking about anybody else or any other evidence of any kind that you want to be presented, and is that correct?

A: Correct.

Q: Okay. All right. That's fine.

THE COURT: So as I understand it, at this point the Defendant rests; is that correct?

MS. BROWN: That's correct, your Honor.

Ms. Barnum claims that she was prejudiced by counsel's ineffectiveness because (1) the examination took away the privacy that Ms. Barnum had had in discussion with counsel and (2) the prosecutor learned that Ms. Barnum would not testify or present any evidence.

In this case, trial counsel was not ineffective in questioning Ms. Barnum on the record regarding her decision not to testify. The questioning by counsel did not disclose confidences of Ms. Barnum. It merely confirmed that Ms. Barnum understood her right not to testify and that she alone made the decision not to testify after talking with counsel. The questioning did not disclose the details of any discussions between Ms. Barnum and trial counsel or counsel's specific advice to Ms. Barnum. *See White v. State,* 939 S.W.2d 887, 894 (Mo. banc 1997), *cert. denied,* 522 U.S. 948,

118 S.Ct. 365, 139 L.Ed.2d 284 (1997)(where counsel was not ineffective for asking movant on the record, to protect himself from future claims of ineffective assistance of counsel, if movant was satisfied with unspecified strategic decisions of counsel because counsel did not disclose confidences of movant that harmed the movant's interests). Such questioning, therefore, did not constitute breach of the attorney-client relationship, and, thus, trial counsel was not ineffective. Point three is denied.

The judgment of the motion court denying Ms. Barnum's Rule 29.15 motion for postconviction relief without an evidentiary hearing is affirmed.

LOWENSTEIN, J., and HARDWICK, J., concur.