Johnny NORVILLE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 24485.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 28, 2002.

Mark A. Grothoff, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, respondent.

JOHN E. PARRISH, Judge.

Johnny Norville (movant) appeals the denial of a motion for post-conviction relief directed to his conviction for possession of methamphetamine, a controlled substance. *See State v. Norville,* 23 S.W.3d 673 (Mo. App.2000). Movant filed a *pro se* motion as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. The motion was denied following an evidentiary hearing. This court affirms.

The facts that led to movant's conviction are recited in the opinion rendered in movant's direct appeal, *State v. Norville, supra.* They will not be repeated except as necessary to address the issues now before this court.

Movant presents three points on appeal. Points I and II are directed to claims that movant received ineffective assistance of counsel. Point III is a claim that movant was denied due process of law in his criminal case because "the trial court failed to place on the record and take remedial action against repeated violations of the Witness Protective Order and the Rule on Witnesses." Point III is addressed first.

■ Point III is directed to an issue movant attempted to state in his *pro se* motion and in a subsequent *pro se* pleading denominated, "Supplement Motion to: Amended Motion to Vacate, Set Aside or Correct, Judgment and Sentence." The issue was not included in the amended motion filed by movant's appointed counsel. When an amended motion is filed, issues that were set forth in a previous *pro se* motion, but which are not included in the amended motion, are not for consideration. *Leach v. State,* 14 S.W.3d 668, 670 (Mo.App.2000). Thus, unless movant's "Supplement Motion" sufficed to place the issue to which Point III is directed before the motion court, the motion court had no authority to consider the issue. "If the [motion] court lacked authority to grant the relief [movant] sought, this court acquired no jurisdiction to review the matter appealed on its merits." *State v. Ortega,* 985 S.W.2d 373, 374 (Mo.App.1999).

■ The amended motion in this case was required to be filed within sixty days of the date both the mandate was issued in movant's direct appeal and counsel was appointed to represent him in this case. Rule 29.15(g). Rule 29.15(g) permits a motion court to extend that time for one additional period of 30 days.[1] The motion court granted movant an additional 30 days in which to file his amended motion.

This court issued its mandate in movant's direct appeal September 1, 2000. Movant filed his *pro se* Rule 29.15 motion November 16, 2000.[2] Counsel was appointed that date. The latest time in which an amended motion was permitted was February 14, 2001—90 days from November 16, 2000.

An amended motion was filed February 13, 2001. The *pro se* "Supplement Motion" was tendered for filing July 5, 2001. It was untimely. "The time limits of Rule 29.15 are valid and mandatory. The remedy under Rule 29.15 exists only within the time limit specified." *Kilgore v. State,* 791 S.W.2d 393, 395 (Mo. banc 1990) (citations omitted). The motion court had no authority to grant relief on the basis asserted in Point III in that the grounds asserted were not included in movant's amended Rule 29.15 motion. This court has no jurisdiction to review the matter on its merits. Point III is dismissed.

■ Movant argues in Point I that his trial counsel was ineffective in not objecting to the offer in evidence of an inventory of items seized in the execution of a search warrant (State's Exhibit No. 20) and in not objecting to the offer in evidence of photographs taken during that search (State's Exhibit Nos. 1–8A). He further asserts in Point I that counsel in his direct appeal was ineffective for "failure to assert on direct appeal the trial court's error in admitting the exhibits into evidence." Movant argues the exhibits were not admissible because they were "improper evidence of an uncharged crime."

■ In order to prevail on a claim of ineffective assistance of trial counsel, a defendant in a criminal case must show (1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney, and (2) that he was prejudiced in that a different outcome would have resulted but for trial counsel's errors. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *State v. Box,* 956 S.W.2d 460, 462 (Mo.App.1997). "A mov-

---

1. A motion court has no discretion to grant extensions for filing post-conviction motions beyond that specified by rule. *Edgington v. State,* 869 S.W.2d 266, 269 (Mo.App.1994).

2. The *pro se* motion was required to be filed within 90 days after the·date the mandate was issued in movant's direct appeal. Rule 29.15(b).

ant 'must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim.'" *Moore v. State,* 28 S.W.3d 389, 390 (Mo.App.2000), quoting *Sanders v. State, supra.* Appellate review of the denial of a claim for post-conviction relief is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Soutee v. State,* 51 S.W.3d 474, 475 (Mo.App.2001).

The items admitted in evidence about which movant now complains include photographs found in movant's residence during the execution of a search warrant. The photographs in question depict a syringe, small plastic baggies containing white substances, a razor blade, a mirror, a paper funnel, a spoon, shotgun shells, foil containing a white substance, a hollow tube of an ink pen, and a jar containing a red substance.

Although the inventory, State's Exhibit No. 20, has not been filed with this court, the listing of items on the exhibit were disclosed in the trial testimony of Mississippi County Deputy Sheriff Ken Storey. According to that testimony, the inventory listed two clear bags containing a white substance, a syringe and a needle, a razor blade, a blue plastic bag containing a powder substance, a set of scales, a spoon, aluminum foil containing a white substance, shotgun shells, a coffee filter, lighter fluid, a plastic cup containing a white substance, 25 milligrams of ephedrine, plastic tubes, a bottle of liquid fire, an auto rolling device, and a jar containing liquid and sediment.

The motion court found:

[T]here is no showing that the disputed evidence, search inventory, and photographs were not admissible. The trial testimony revealed that the items mentioned could have been used in the manufacture and use of methamphetamine; the items had a nexus with movant's

criminal behavior. The items listed in the amended motion were admissible as they were logically and legally relevant, and any of such items that may have been inadmissible were harmless. Even if it is assumed that an objection would have been sustained, there is no reasonable likelihood that the result of the trial would have [been] different. Movant is not entitled to relief on this claim....

... [M]ovant did not prove his allegations that he had received ineffective assistance from his appellate counsel. It is not clear that the trial court erred in admitting the photographs and property list in evidence; but it is clear that there was no plain error that could have been successfully asserted on appeal. A review of the entire criminal case file reveals no unasserted claim of error which would have required reversal had it been asserted. There was no omitted error that was so substantial as to amount to a manifest injustice or a miscarriage of justice. Movant is not entitled to relief on this claim.

■ Movant was charged with and found guilty of possession of the controlled substance, methamphetamine. Four items found during the search of movant's residence tested positive for methamphetamine. There was testimony that the items pictured and listed on the inventory were associated with the manufacture and use of methamphetamine. "Evidence of contemporary possession of drug paraphernalia with possession of a controlled substance is relevant and admissible to show a defendant knowingly and intentionally possessed the controlled substance. It is admissible to show the controlled substance was possessed with full knowledge of its illegal character." *State v. Ames,* 44 S.W.3d 825, 828 (Mo.App.2001) (citations omitted). "Drug paraphernalia includes 'all equipment, products and materials of any kind which are used, intended for use, or designed for use, in ... manufacturing,

compounding, converting, producing, processing, preparing ... a controlled substance ... in violation of sections 195.005 to 195.425.' § 195.010(17), RSMo Cum. Supp.1998." *State v. Elmore*, 43 S.W.3d 421, 426 (Mo.App.2001).[3] Drug paraphernalia also includes equipment intended for use in preparing, storing, ingesting, inhaling, or otherwise used in introducing a controlled substance in the human body. § 195.010(17), RSMo Cum.Supp.1997.

▪ Trial counsel will not be deemed ineffective for failing to make a nonmeritorious objection. *Walls v. State*, 779 S.W.2d 560, 562 (Mo. banc 1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990). There having been no error in the admission of the exhibits, appellate counsel in movant's direct appeal would have had no basis for asserting the admission of the evidence as a basis for reversing movant's conviction. The motion court's findings and conclusions were not clearly erroneous as to Point I. Point I is denied.

▪ Point II complains that movant's trial counsel was ineffective in not impeaching a witness, Deputy Sheriff Moore, with respect to issues concerning obtaining and executing the search warrant for movant's residence. The motion court found:

> [A] review of the testimony given by Chief Deputy Moore in his deposition, at the motion to suppress hearing, and at trial, discloses no inconsistencies that give rise to a reasonable doubt as to movant's guilt. The lack of such impeachment evidence is not a basis for movant's ineffective assistance claim. [Movant] is not entitled to relief on this claim.

▪ The mere failure to impeach a witness does not automatically entitle a mov-

ant to post-conviction relief. *State v. Hall*, 982 S.W.2d 675, 687 (Mo. banc 1998), *cert. denied*, 526 U.S. 1151, 119 S.Ct. 2034, 143 L.Ed.2d 1043 (1999); *Barnum v. State*, 52 S.W.3d 604, 608 (Mo.App.2001). A movant must establish the impeachment would have provided a defense or changed the outcome of the trial. *Hall*, 982 S.W.2d at 687. This court concludes from the record of movant's trial and the record of movant's hearing on the motion that is the subject of this appeal that the motion court's findings and conclusions as to Point II are not clearly erroneous. Further discussion in this opinion of Point II would have no precedential value. Point II is denied in compliance with Rule 84.16(b)(2). The judgment is affirmed.

PREWITT, P.J., and SHRUM, J., concur.

---

**3.** The date of the offense of which movant was convicted was February 11, 1998. The text of § 195.010(17), RSMo Cum.Supp.1997, the applicable statute, was the same as § 195.010(17), RSMo Cum.Supp.1998, cited in *Elmore*.