Anthony G. RUTHERFORD,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 27183.

Missouri Court of Appeals,
Southern District,
Division Two.

June 5, 2006.

Mark A. Grothoff of Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen. of Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Chief Judge.

***REVERSED AND REMANDED***

At the conclusion of a May 1997 bench trial, Anthony Rutherford (Rutherford) was found guilty of committing murder in

the first degree and armed criminal action. The court imposed consecutive sentences of life in prison without the possibility of parole and 50 years imprisonment, respectively, for these offenses. Rutherford's convictions and sentences were affirmed on direct appeal in *State v. Rutherford*, 967 S.W.2d 679 (Mo.App.1998). This Court's mandate was issued on May 5, 1998.

On July 13, 1998, Rutherford filed a *pro se* motion to vacate, set aside or correct his judgment or sentence pursuant to Rule 29.15.[1] This motion, which was prepared using a standard criminal procedure Form No. 40, only alleged one ground for relief: "Movant was denied due proceed [sic] and equal protection of the law in violation of the 5th, 6th and 14th Amendments to the United States Constitution because his right to a trial by jury was waived by threats and intimidation by state agents." When asked to recite the factual basis for this claim, Rutherford stated: "This claim will be amended when counsel is assigned. There is substantial factual basis for this court showing threats and terror inflicted on the movant by state agents to force the waiver o[sic] the right to trial by jury." The same day this motion was filed, the motion court entered an order appointing the Public Defender to represent Rutherford and directing the clerk to notify the Public Defender's office of the appointment.

The docket sheets reflect no further relevant activity until September 28, 1998. On that date, an attorney from the Public Defender's office entered an appearance for Rutherford and filed two motions. The first motion requested that the trial court "reappoint" counsel; the second motion requested a 30–day extension to file an amended motion. Both motions were sustained on September 29, 1998.

On December 31, 1998, Rutherford's counsel filed an amended Rule 29.15 motion (counsel's amended motion). This motion alleged that Rutherford's trial counsel was ineffective because he failed to object when the trial court, serving as the trier of fact, made a statement suggesting the court was relying on information outside the record in finding Rutherford guilty.

On June 23, 2000, Rutherford filed an amended *pro se* motion for post-conviction relief (the amended *pro se* motion). This motion asserted four new claims that had not been included in the prior motions: (1) trial counsel was ineffective for failing to fully advise Rutherford about his constitutional right to a jury trial; (2) trial counsel was ineffective for failing to present any expert testimony to prove that Rutherford had mental deficits that invalidated the waiver of his *Miranda* rights [2] and rendered his confession inadmissible; (3) trial counsel was ineffective for failing to make an opening statement, to state specific grounds in the motion for directed verdict and for failing to present any evidence in Rutherford's defense; and (4) appellate counsel was ineffective for failing to brief and argue in Rutherford's direct appeal that the trial court plainly erred in failing to determine whether the waiver of jury trial was knowing, voluntary and intelligent and in failing to inform Rutherford of the consequences of his decision to waive trial by jury. Rutherford alleged that he should be permitted to file an amended *pro se* motion because the first amended motion was still pending and the State of Missouri would not be prejudiced by the amendment.

---

**1.** All references to rules are to Missouri Court Rules (1998).

**2.** *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

On March 31, 2003, the motion court took up the amended *pro se* motion and held an evidentiary hearing. On July 14, 2005, the court entered an order denying Rutherford post-conviction relief on the four claims asserted in the amended *pro se* motion. The court issued findings of fact and conclusions of law concerning the four claims for relief contained therein. This appeal followed.

▓ Our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996). Findings of fact and conclusions of law are clearly erroneous only when, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996); *Coday v. State*, 179 S.W.3d 343, 350 (Mo.App. 2005).

▓ In Rutherford's first point, he contends the motion court clearly erred in denying post-conviction relief on the fourth claim in the amended *pro se* motion, *viz.:* appellate counsel's alleged ineffectiveness for failing to assert a plain error point in the direct appeal concerning Rutherford's waiver of his right to a jury trial. The State, however, argues that the trial court lacked jurisdiction to adjudicate this claim because the amended *pro se* motion was untimely. We agree.

▓ The mandate in Rutherford's direct appeal was issued on May 5, 1998. His initial *pro se* motion seeking post-conviction relief was filed on July 13, 1998. Since this motion was filed within 90 days after mandate issued, it was timely. *See* Rule 29.15(b). The time limits for filing an amended motion are found in Rule 29.15(g), which states:

Amended Motion—Form, Time for Filing—Response by Prosecutor. Any amended motion shall be signed by movant or counsel. The amended motion shall not incorporate by reference material contained in any previously filed motion. If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days. Any response to the motion by the prosecutor shall be filed within thirty days after the date an amended motion is required to be filed.

The time limits contained in Rule 29.15 for filing an amended motion are valid and mandatory. *Kilgore v. State*, 791 S.W.2d 393, 395 (Mo. banc 1990); *Norville v. State*, 83 S.W.3d 112, 114 (Mo.App.2002).

In the case at bar, Rutherford appealed his convictions, and our mandate was issued on May 5, 1998. The public defender was appointed to represent Rutherford on July 13, 1998. Any amended motion had to be filed within 60 days of "the date both

the mandate of the appellate court is issued and counsel is appointed."[3] Both of these events had occurred as of July 13, 1998. Thus, the 60–day time period for filing a timely amended motion expired on September 11, 1998.[4]

■ Rutherford's amended *pro se* motion was filed over 21 months after the deadline for amendments had expired, so it was untimely. Consequently, the motion court lacked jurisdiction to review the merits of *any* of the claims asserted in the amended *pro se* motion. *See, e.g., State v. White*, 873 S.W.2d 590, 596 (Mo. banc 1994); *Norville*, 83 S.W.3d at 114; *State v. Gilpin*, 954 S.W.2d 570, 578 (Mo.App. 1997); *State v. Isaiah*, 874 S.W.2d 429, 435–36 (Mo.App.1994). Since the only claims addressed by the motion court were those it lacked the jurisdictional competency to adjudicate, its order denying post-conviction relief must be reversed and the cause remanded for further proceedings. *See Isaiah*, 874 S.W.2d at 435–36.[5]

■ In Rutherford's second point, he contends the case should be remanded so that the motion court can issue findings of fact and conclusions of law as to the claim contained in counsel's amended motion. As the state correctly points out, however, counsel's amended motion was not timely filed. For reasons already explained, the last day for either Rutherford or his attorney to file an amended motion was September 11, 1998. Counsel's amended motion was untimely because it was filed 111 days too late. Nevertheless, the motion court can permit the filing of an untimely, amended post-conviction motion if the court determines that Rutherford was abandoned by appointed counsel. *Gilpin*, 954 S.W.2d at 578–79. Failure to file a timely, amended motion has been held to be a form of abandonment by appointed post-conviction counsel. *See, e.g., Bantle v. State*, 165 S.W.3d 233, 235 (Mo.App. 2005); *Isaiah*, 874 S.W.2d at 435. The appropriate procedure is to remand the case to the motion court for a factual determination as to the reason for the untimeliness. *Isaiah*, 874 S.W.2d at 435; *Burns v. State*, 964 S.W.2d 548, 551 (Mo. App.1998). The parameters of this inquiry were established in *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991):

> The burden shall be on the movant to demonstrate that the untimeliness is not the result of negligence or intentional conduct of the movant.... If the court determines that the untimeliness resulted from negligence or intentional conduct of movant, the court shall not permit the filing.... If the court determines that the untimeliness of the amended motion resulted exclusively from counsel's action or inaction, the court shall consider the amended mo-

---

3. In *State v. White*, 813 S.W.2d 862 (Mo. banc 1991), our Supreme Court held that "the effective date of appointment of counsel is the date on which the office of public defender is designated rather than the date of counsel's entry of appearance." *Id.* at 864.

4. Rule 29.15(g) does permit the motion court to extend the 60–day filing deadline one time for up to 30 days. In order for the court to have jurisdiction to extend the deadline, however, the request for the extension *and* the exercise of the motion court's discretion to grant the request must be made within the initial 60–day time period. *See, e.g., Clem-*

*mons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990); *State v. Leisure*, 810 S.W.2d 560, 575 (Mo.App.1991); *State v. Hill*, 808 S.W.2d 882, 892 (Mo.App.1991). No timely request for an extension or ruling thereon was made prior to September 11, 1998.

5. Although the State did not raise the timeliness issue below, jurisdictional competency cannot be supplied by consent or acquiescence. *In re Marriage of Hendrix*, 183 S.W.3d 582, 588 (Mo. banc 2006); *In re Estate of Ellis*, 187 S.W.3d 344, 352 (Mo.App.2006); *see State v. Gilpin*, 954 S.W.2d 570, 578 (Mo. App.1997).

tion as having been timely filed and proceed according to the provisions of the rule.

*Id.* at 495.

On remand, the motion court shall determine whether the untimely filing of counsel's amended motion resulted exclusively from counsel's action or inaction. If so, the court shall consider counsel's amended motion to have been timely filed and proceed on it alone in accordance with Rule 29.15. *Id.; Isaiah v. State,* 926 S.W.2d 181, 182 (Mo.App.1996).[6] On the other hand, if the motion court determines that the untimely filing of counsel's amended motion resulted from Rutherford's negligence or intentional conduct, then he will be required to proceed on the sole claim set out in his initial *pro se* motion. *See Brown v. State,* 968 S.W.2d 725, 727 (Mo. App.1998); *Carter v. State,* 924 S.W.2d 580, 582 (Mo.App.1996). The method of the motion court's inquiry may be formal or informal, so long as the process generates a sufficient record to demonstrate on appeal that the court's determination of the abandonment issue is not clearly erroneous. *McDaris v. State,* 843 S.W.2d 369, 371 n. 1 (Mo. banc 1992); *Dunn v. State,* 17 S.W.3d 907, 910 (Mo.App.2000); *Brown,* 968 S.W.2d at 727.

The order denying Rutherford's Rule 29.15 motion is reversed, and the cause is remanded for further proceedings consistent with this opinion.

SHRUM, P.J., and BARNEY, J., concur.

---

**6.** Because counsel's amended motion did not include the claim contained in Rutherford's initial *pro se* motion, this allegation should not be considered by the court. *Norville v. State,* 83 S.W.3d 112, 114 (Mo.App.2002).