**Carlos FISHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 98273.

Missouri Court of Appeals, Eastern District, Division Four.

May 21, 2013.

Gwenda Renee Robinson, Assistant Public Defender, Office of the Missouri Public Defender, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Evan J. Buchheim, Assistant Attorney General, Jefferson City, MO, for respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Carlos Fisher ("Fisher") appeals from the denial of his motion for post-conviction

relief under Rule 29.15.[1] Fisher was found guilty after a jury trial of possession of a controlled substance under Section 195.202,[2] and sentenced as a prior and persistent drug offender to 10–years imprisonment. This Court affirmed his conviction in *State v. Fisher*, 325 S.W.3d 530 (Mo.App. E.D.2010). Fisher filed a motion for post-conviction relief, subsequently filed an amended motion for post-conviction relief, and later filed a supplemental motion asserting a new claim that he was entitled to post-conviction relief on the ground that the State prosecuted Fisher and a witness at his trial using materially inconsistent theories. Second, Fisher asserted that defense counsel were [3] ineffective in not calling a juror to testify as a witness during a hearing on his motion for new trial. The motion court denied Fisher's first point without an evidentiary hearing, and denied his second point after conducting an evidentiary hearing. Because Point One was untimely filed and was not properly before the motion court, we vacate and remand with instructions that the motion court dismiss Fisher's first point. Because the motion court's judgment denying Fisher's second point was not clearly erroneous, we affirm the motion court's judgment as to Fisher's second point.

*Factual and Procedural History*

Viewed in the light most favorable to the verdict, the evidence presented at trial was as follows. On the night of January 8, 2008, Officers Mark Wasem ("Officer Wasem") and Jeffrey Stege ("Officer Stege") observed Fisher run a red light while driving, and the officers pulled Fisher's vehicle over. As the officers approached the vehicle's cabin on foot, they observed Fisher attempt to throw a black duffle bag into the back of the vehicle. The officers observed another individual, Antwone Johnson ("Johnson"), in the vehicle, but noted that Johnson did not move or touch the black duffle bag. Officer Stege asked Fisher to step out of the vehicle. When Fisher complied, the officers smelled an overwhelming odor of marijuana. Officer Wasem looked through the vehicle window and observed marijuana coming out of the unzipped top of the black duffle bag. Officer Wasem opened the vehicle door, inspected the black duffle bag, and discovered approximately six pounds of marijuana. Officer Wasem placed Fisher under arrest and read him his *Miranda* rights. Fisher admitted ownership of the marijuana and stated that the six pounds of marijuana were for his own personal use. Johnson informed the officers that he did not know anything about the marijuana in the black duffle bag. The officers released Johnson at the scene. State charged Fisher with possession of a controlled substance.

At trial, Fisher called Johnson as a witness. Johnson testified that the marijuana in the black duffle bag belonged to him, and that Fisher had not handled or attempted to hide the bag after the vehicle was pulled over. During cross-examination, Johnson testified that he did not remember how much he paid for the marijuana, did not know the name of the person from whom he purchased the six pounds of marijuana, and had never met that person prior to allegedly buying the large amount of drugs. Johnson testified that he did not tell the officers that the marijuana belonged to him rather than to

---

1. All rule references are to Mo. R. Civ. P. (2011).

2. All statutory references are to RSMo. Cum. Supp. (2008).

3. Fisher's second point contends that two separate attorneys provided ineffective assistance during proceedings on his motion for new trial.

Fisher because the officers were "talking crazy" to him during the traffic stop.

A jury, apparently finding Johnson not credible, found Fisher guilty of possession of a controlled substance. The trial court entered a judgment of conviction accordingly, and sentenced Fisher as a prior and persistent offender. This Court affirmed Fisher's conviction in *State v. Fisher*, 325 S.W.3d 530 (Mo.App. E.D.2010).

Fisher subsequently filed *apro se* motion for post-conviction relief. The motion court appointed motion counsel, who requested and was granted the single 30-day extension permitted under Rule 29.15. Fisher timely filed an amended motion for post-conviction relief alleging, *inter alia*, that defense counsel were ineffective in failing to call a juror to testify at the hearing for Fisher's motion for new trial. The trial court conducted a partial evidentiary hearing on Fisher's motion. Before the conclusion of the evidentiary hearing, Fisher submitted a supplemental motion for post-conviction relief alleging that he was additionally entitled to post-conviction relief on grounds of newly-discovered evidence that the State prosecuted Fisher and subsequently prosecuted Johnson using factually inconsistent theories. The motion court denied Fisher's claim based on newly-discovered evidence without conducting an evidentiary hearing on that claim. After concluding the evidentiary hearing related to ineffective assistance of counsel, the motion court denied Fisher's claim that trial counsel were ineffective in failing to call the juror to testify at the hearing on Fisher's motion for new trial. This appeal follows.

### Points on Appeal

In his first point on appeal, Fisher argues that the motion court clearly erred in denying his motion for post-conviction relief on the ground that newly-discovered evidence demonstrates that the State prosecuted Fisher and Johnson using factually inconsistent theories. In his second point, Fisher contends that the motion court clearly erred in holding that defense counsel was not ineffective in failing to call Juror Evans to testify at the hearing for Fisher's motion for new trial.

### Standard of Review

■■■ Appellate review of a motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court were clearly erroneous. Rule 29.15; *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010).

### Discussion

**I. Fisher's claim based on newly-discovered evidence was not properly asserted under Rule 29.15.**

In his first point, Fisher seeks post-conviction relief on the ground that the State prosecuted Johnson and him using factually inconsistent theories in violation of his right to due process. Before considering the merits of Fisher's first point, we are required to determine whether his first claim was properly before the motion court. We find that it was not.

■■■ Rule 29.15 provides the exclusive procedure by which movants may seek post-conviction relief. The timing requirements of Rule 29.15 are mandatory and neither this Court nor the motion court is empowered to waive them. *Norville v. State*, 83 S.W.3d 112, 114 (Mo.App. S.D. 2002). Rule 29.15(e) states that appointed

motion counsel shall file "*an* amended motion" if the initial *pro se* motion fails to assert sufficient facts or include all claims of post-conviction relief. Rule 29.15 (emphasis added). Rule 29.15(g) similarly provides "[t]he court may extend the time for filing *the* amended motion for one additional period not to exceed thirty days." Rule 29.15(g) (emphasis added). Both 29.15(e) and (g) provide for the filing of a single amended motion for post-conviction relief, and authorize a single extension for filing an amended motion. *See Norville,* 83 S.W.3d at 114.

In this case, on March 18, 2011, Fisher timely filed a *pro se* motion for post-conviction relief. On April 5, 2011, the motion court appointed motion counsel. On May 2, 2011, the motion court granted motion counsel's request under Rule 29.15(g) for an additional 30 days to file an amended motion. On June, 30, 2011, motion counsel timely filed an amended motion for post-conviction relief. The amended motion alleged, *inter alia,* that trial counsel was ineffective in failing to call a juror to testify at Fisher's motion for a new trial. The amended motion did not assert any claim based upon State's prosecution of Fisher and Johnson using inconsistent theories.

On November 4, 2011, the motion court conducted a partial evidentiary hearing on Fisher's claim that trial counsel was ineffective in failing to adduce the testimony of the juror at a hearing on Fisher's motion for new trial. The motion court continued the evidentiary hearing until January 13, 2012. On January 11, 2012, Fished filed a "Motion based on newly discovered evidence" alleging a new substantive claim that Fisher was entitled to post-conviction relief on the separate, and heretofore unasserted, ground that the State used knowingly false evidence to convict Fisher on possession of a controlled substance. The basis of Fisher's motion was that fol-lowing Johnson's testimony during Fisher's trial, the State subsequently charged Johnson with possession of the same black duffle bag of marijuana, and Johnson pleaded guilty to the charge. On January 13, 2011, the motion court denied Fisher's motion based on newly-discovered evidence without conducting an evidentiary hearing on the substance of that motion. The motion court then completed the evidentiary hearing regarding Fisher's claim of ineffective assistance of counsel, and took under submission the allegations of Fisher's amended motion for post-conviction relief.

█ Fisher's claim based on newly-discovered evidence was submitted in a motion that was intended to supplement the amended motion. This claim was filed after the expiration of the motion court's initial 30–day filing extension. The plain language of Rule 29.15 allowed Fisher to submit only one amended motion, and authorized the motion court to grant a single 30–day extension. *See Norville,* 83 S.W.3d at 114. Rule 29.15 does not authorize a movant to submit supplemental filings after an amended motion. *Id.* Because Fisher's claim based upon newly discovered evidence was not contained in his original amended motion for post-conviction relief, and was submitted after the permitted filing period, Fisher's first point was not properly before the motion court, and should have been dismissed.

## II. Fisher's trial counsel were not ineffective in not calling a juror to testify at the hearing on his motion for new trial.

In his second point, Fisher claims that trial counsel were ineffective in failing to call a juror to testify at the hearing for his motion for new trial.

A movant seeking post-conviction relief on the ground of ineffective assistance of

counsel has the burden of demonstrating first that counsel's performance fell below objectively reasonable standards. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, the movant must also carry the burden of demonstrating that but for counsel's deficient performance a different result would have been reached at trial. *Id.* at 694, 104 S.Ct. 2052.

The factual basis for Fisher's second claim requires some explanation. During voir dire, trial counsel asked the venire panel whether any of the venirepersons knew Fisher. Juror Evans, who would later serve on the jury at trial, heard the question, but did not state that she knew Fisher or previously had any contact with him. After a trial, the jury, which included Evans, returned a verdict that Fisher was guilty of the crime charged.

Prior to filing a motion for new trial, defense counsel discovered that Juror Evans was listed on a police report as a witness to a car accident involving Fisher. Fisher alleged in his motion for new trial that he was entitled to a new trial on the ground of juror misconduct because Juror Evans did not disclose the incident during voir dire. The trial court held a hearing on Fisher's motion for a new trial, but defense counsel did not call Juror Evans as a witness during the hearing to testify to the reason for her non-disclosure of her prior experience with Fisher, or any bias that experience may have created. The trial court denied Fisher's motion for a new trial, and this Court later affirmed his conviction.

In his subsequent amended motion for post-conviction relief, Fisher asserts that defense counsel was constitutionally ineffective in failing to call Juror Evans as a witness during the motion for new trial hearing. Fisher alleged that if defense counsel had called Juror Evans as a witness during the hearing, Juror Evans's testimony would have established that her nondisclosure was intentional and prejudicial, and the trial court would have granted Fisher's motion for a new trial.

Fisher's argument that he was prejudiced by defense counsels' failure to call Juror Evans as a witness during the motion for new trial hearing is belied by the substance of Juror Evans's testimony at the evidentiary hearing on Fisher's motion for post-conviction relief. During the evidentiary hearing, Juror Evans testified that she recalled witnessing the car accident involving Fisher, but did not remember or recognize Fisher. Juror Evans testified that had she recognized Fisher from the automobile accident, she would have stated so during voir dire. To the contrary, Juror Evans testified she did not remember Fisher at any point, and did not recognize him during trial. Juror Evans finally testified that she had not formed an opinion about Fisher as a result of the accident, and that the accident did not affect her decision at trial. The motion court found Juror Evans's testimony credible, and denied Fisher's amended motion for post-conviction relief.

■ After reviewing the entire record, we do not find that the motion court clearly erred in denying Fisher's claim of ineffective assistance of counsel based on defense counsels' failure to call Juror Evans as a witness during the motion for new trial hearing. Juror Evans's testimony at the evidentiary hearing, if accepted as true, provides sufficient evidence that any non-disclosure was unintentional and did not affect her or the jury's decision finding Fisher guilty. The motion court found Juror Evans's testimony credible, and our standard of review requires that we defer to the motion court's superior ability to determine witness credibility unless we find that the motion court's interpretation

of the evidence was clearly erroneous. *See Vaca*, 314 S.W.3d at 334. Based on Juror Evans's testimony at the evidentiary hearing, we decline to reject the motion court's view of the evidence.

Accordingly, the record establishes that had defense counsel called Juror Evans during the motion for new trial hearing, Juror Evans's testimony would have established that her nondisclosure of the automobile accident involving Fisher did not affect the jury's ultimate decision and the trial court would have still denied Fisher's motion for a new trial. Therefore, Fisher was not prejudiced by defense counsels' failure to call Juror Evans as a witness at the hearing for his motion for new trial, and the motion court did not clearly err in denying Fisher's second claim of post-conviction relief. Point denied.

### Conclusion

We vacate the motion court's judgment as to Point One and remand with instructions to dismiss. As to Fisher's second point, the judgment of the motion court is affirmed.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, JJ., concur.