

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| TERRANCE ROBINSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD75283 |
| | ) | |
| STATE OF MISSOURI, | ) | Opinion filed: January 21, 2014 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**The Honorable Charles H. McKenzie, Judge**

Before Division Two: Mark D. Pfeiffer, Presiding Judge,
Joseph M. Ellis, Judge and Victor C. Howard, Judge

Appellant Terrance Robinson appeals *pro se* from the denial of his Rule 29.15 motion for post-conviction relief by the Circuit Court of Jackson County following an evidentiary hearing. Appellant contends that he is entitled to post-conviction relief because the trial court lacked jurisdiction in his underlying criminal case in that the grand jury indictment was not properly served, returned, or filed. For the following reasons, the motion court's judgment is vacated, in part, and this cause is remanded to the motion court with instruction to dismiss Appellant's supplemental motion for post-conviction relief as untimely.

In 2008, a grand jury indicted Appellant on four counts of first-degree murder and four counts of armed criminal action. The charges arose out of an incident in 2006 in which Appellant shot four people gathered at a duplex.[1] A jury convicted Appellant on all counts, and the trial court subsequently sentenced him to four terms of life imprisonment without parole to run consecutive to four additional terms of life imprisonment on the armed criminal action counts. We affirmed Appellant's conviction and sentence on direct appeal. *State v. Robinson*, 315 S.W.3d 766, 767 (Mo. App. W.D. 2010).

On November 30, 2010, Appellant filed a timely *pro se* Rule 29.15 motion for post-conviction relief. On March 28, 2011, the motion court appointed the Public Defender's Office to represent Appellant in his post-conviction relief proceedings and granted Appellant's appointed counsel an additional thirty days in which to file an amended motion on Appellant's behalf. On June 27, 2011, Appellant's appointed counsel filed a timely amended post-conviction relief motion. Appellant, however, requested his appointed counsel withdraw from the case. The motion court granted Appellant's request, and Appellant proceeded in the case *pro se*.

On October 20, 2011, Appellant filed a motion entitled "Supplemental Motion to Vacate, Set Aside, or Correct Judgment and Sentence." The sole ground alleged in Appellant's supplemental motion was that the trial court lacked jurisdiction in his

---

[1] Appellant was originally indicted in 2006 on four counts of first-degree murder, four counts of armed criminal action, and one count of burglary. In 2008, the State dismissed that case *nolle prosequi* due to difficulty in locating a key witness but immediately re-filed first-degree murder and armed criminal action charges against Appellant.

underlying criminal case because of the improper filing, return, and service of his grand jury indictment. In particular, Appellant alleged that he was not properly served with the indictment in that no warrant or criminal summons was issued after the grand jury indicted him.[2] *See* **Rule 22.04** ("Unless the court orders the issuance of a summons, a warrant for the arrest of the defendant shall be issued . . . [u]pon the return of an indictment charging the commission of a felony.").

On December 1, 2011, the motion court conducted an evidentiary hearing. Prior to the hearing, the State filed a motion to strike Appellant's supplemental motion as untimely. At the hearing, the motion court concluded that it would consider the grounds for relief raised in Appellant's supplemental motion along with the claims raised in Appellant's *pro se* motion and the amended motion filed by Appellant's appointed counsel.

On March 9, 2012, the motion court issued its findings of fact and conclusions of law in which it denied all of Appellant's grounds for post-conviction relief. In doing so, the motion court determined that "[a]ll of the claims alleged by [Appellant] in his *pro se* supplemental motion were known or could have been known by [Appellant] and his counsel prior to trial and, therefore, should have been raised at trial and on direct appeal, not in his post-conviction motion." Thus, the motion court denied Appellant's supplemental motion for post-conviction relief on the merits.

---

[2] Appellant was in jail when the grand jury indicted him in 2008. The record reflects that no warrant or criminal summons was issued following the indictment. The indictment, however, was filed in the trial court, and Appellant's brief indicates that the prosecutor presented him with the indictment while he was incarcerated at the Jackson County Detention Center.

3

Appellant now appeals *pro se* from the denial of his supplemental motion for post-conviction relief.  In his sole point, Appellant contends that the motion court erred in denying his supplemental motion for post-conviction relief because the trial court lacked jurisdiction over his underlying criminal case in that the indictment was not properly served, returned, or filed.  The State avers that Appellant's contentions are without merit and further asserts that we cannot consider Appellant's point on appeal because he raised the issue for the first time in an untimely supplemental motion.  We agree that Appellant raised this point of error for the first time in an untimely filed supplemental motion and that we, therefore, cannot review Appellant's point on appeal.

"Rule 29.15 provides the exclusive procedure by which movants may seek post-conviction relief."  *Fisher v. State*, 398 S.W.3d 909, 912 (Mo. App. E.D. 2013).  The time limits set forth in Rule 29.15 are valid and mandatory, and any supplementary Rule 29.15 pleadings that are filed outside of those time limitations cannot be reviewed.  *State v. Brooks*, 960 S.W.2d 479, 499 (Mo. banc 1997); *see also Fisher*, 398 S.W.3d at 913.

Rule 29.15 provides that a movant has 90 days to file his or her *pro se* Rule 29.15 motion for post-conviction relief following the issuance of an appellate court's mandate affirming the judgment or sentence the movant is seeking to vacate, set aside or correct.  **Rule 29.15(b)**.  Rule 29.15 further permits the filing of an amended post-conviction relief motion within sixty days of the issuance of an appellate mandate and the entry or appointment of counsel.  **Rule 29.15(g)**.  The motion court can grant the movant one extension up to thirty days in which to file an amended motion.  **Rule**

**29.15(g)**. Motion courts have no authority to grant extensions beyond the time limitations specified in Rule 29.15. *Mitchell v. State*, 386 S.W.3d 198, 200 (Mo. App. E.D. 2012).

On September 1, 2010, we issued the mandate in Appellant's direct appeal. On March 28, 2011, the motion court appointed the Public Defender's Office to represent Appellant in his post-conviction relief proceedings and gave his appointed counsel an extra thirty days in which to file an amended post-conviction relief motion. Accordingly, pursuant to Rule 29.15, June 27, 2011, was the latest date on which post-conviction relief pleadings could be filed on Appellant's behalf.

Appellant's appointed counsel filed a timely amended motion on June 27, 2011. That amended motion, however, did not include the point now raised by Appellant regarding the proper filing, return, and service of the grand jury indictment. Instead, Appellant raised that point for the first time in his supplemental *pro se* motion. That supplemental motion was not filed until October 20, 2011 – over 100 days beyond the permissible post-conviction relief filing period. Appellant's supplemental motion, therefore, was untimely.

A court cannot review the merits of any claims asserted for the first time in an untimely post-conviction relief pleading. *Oliver v. State*, 196 S.W.3d 643, 645 (Mo. App. S.D. 2006). Arguments raised for the first time in an untimely post-conviction relief motion are waived and cannot be considered on appeal. *Id*. Thus, it follows that the motion court should not have reviewed the merits of the claims raised in Appellant's untimely supplemental motion; nor can we review such claims on appeal.

5

Appellant concedes that his supplemental motion was untimely. Nevertheless, Appellant contends that the motion court correctly considered his supplemental motion on the merits because the ground for relief raised therein was jurisdictional in nature and, therefore, cannot be waived. However, any of the perceived deficiencies Appellant raises regarding the indictment process do not change the fact that the trial court had subject matter jurisdiction over Appellant's underlying criminal case as well as personal jurisdiction over Appellant, who committed the crime in Missouri.[3] *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009) (explaining that Missouri trial courts have subject matter jurisdiction "over *all* cases and matters, civil and criminal" and personal jurisdiction "over persons within the state and the interests of persons in property within the state") (internal quotation omitted). Rather, Appellant's claim regarding his indictment amounts to an issue regarding the institution of the prosecution that Appellant should have raised prior to trial. *See* **Rule 24.04(b)2** (providing that "[d]efenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial"). Thus, the nature of the claim raised in Appellant's supplemental motion does not excuse its untimely filing.[4]

---

[3] "Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction." *Wyciskalla*, 275 S.W.3d at 252.

[4] Appellant further requests that if we do not consider his point on the merits, that we "adopt the 'equitable rule' announced in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)," and review whether his appointed post-conviction relief counsel was ineffective for failing to raise a claim of error in his amended motion regarding his trial counsel's failure to object to the indictment process. However, as this Court has previously stated, "[n]othing in *Martinez* directly affects Missouri's longstanding principle that a petitioner

Accordingly, because the point of error Appellant now raises on appeal was first raised in his untimely supplemental motion, it cannot be reviewed by this Court. Furthermore, we must vacate the motion court's judgment to the extent that it reviewed the claims raised in Appellant's supplemental motion on the merits,[5] *see Fisher*, 398 S.W.3d at 914-15 (vacating the motion court's judgment as to the matters raised in the movant's untimely supplemental motion because the claim "was not properly before the motion court, and should have been dismissed"), and remand this case to the motion court with instruction to dismiss Appellant's supplemental motion for post-conviction relief.

_____
Joseph M. Ellis, Judge

All concur.

---

does not have a constitutional right to the effective assistance of post-conviction counsel." *Bain v. State*, 407 S.W.3d 144, 148 n.2 (Mo. App. W.D. 2013) (internal quotation omitted). Thus, we decline Appellant's invitation to adopt the equitable rule discussed in *Martinez* and examine whether Appellant's post-conviction relief counsel was ineffective.

[5] Appellant does not challenge the motion court's findings and conclusions with respect to the claims raised in his *pro se* and amended post-conviction relief motions. Therefore, our opinion in no way affects the motion court's findings and conclusions with respect to those motions.