**Harold Davy CASSELL, Appellant,**

**v.**

**Larry NORRIS, Director, Arkansas Department of Correction, Appellee.**

No. 96–1499.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 20, 1996.

Decided Dec. 24, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 23, 1997.

Carla Nadzam, Little Rock, AR, argued (Samuel A. Perroni, on the brief), for appellant.

Kelly K. Hill, Little Rock, AR, argued, for appellee.

Before MAGILL and MORRIS SHEPPARD ARNOLD, Circuit Judges, and LONGSTAFF,[1] District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Harold Davy Cassell appeals the district court's[2] dismissal of his petition for a writ of habeas corpus. We affirm.

## I.

More than a decade ago, Harold Davy Cassell and three companions culminated a string of robberies with the murder of a police officer. Although the crime took place late in 1975, Cassell's trial attorney requested the judge to instruct the jury on the basis of a statute that became effective on January 1, 1976. The jury found Cassell guilty of being an "accomplice" to capital murder of a police officer, and sentenced him to life imprisonment without parole. The former statute spoke in terms of "accessories" and "accessories after the fact," offenses that carried respective sentences of life imprisonment and five to twenty-one years imprisonment.

After exhausting his state remedies and filing a federal habeas petition, Cassell filed a second petition in 1994. He alleged that his conviction violated the Ex Post Facto Clause because it was based on a law not in effect when he committed the offense, and he maintained that had the former statute been applied he would have been found guilty of being an accessory after the fact. The dis-

<hr>

1. The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, sitting by designation.

2. The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

trict court held that the petition constituted an abuse of the writ and dismissed it because Cassell had not raised the Ex Post Facto argument in his first petition, and the district court further held that Cassell had shown neither cause and prejudice, nor a miscarriage of justice, that would excuse the default.

## II.

Cassell first contends that federal courts may in some circumstances review procedurally barred claims if a state court has voluntarily undertaken a review of those claims. While that is true, an application of that principle in this case is not helpful to Cassell. The district court dismissed Cassell's petition not because of a procedural default in state court but because he had failed to raise the Ex Post Facto issue in his previous federal habeas petition. Whether a state court has addressed Cassell's claim is therefore irrelevant.

■■■ Cassell's assertion that the ineffective assistance of his previous post-conviction counsel constitutes cause and prejudice that will excuse his procedural default is likewise meritless, because there is no constitutional right to post-conviction counsel. *Washington v. Delo*, 51 F.3d 756, 760 (8th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 205, 133 L.Ed.2d 138 (1995). Cassell's final argument is equally unavailing. For actual innocence to lift the procedural bar, Cassell must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, ——, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). Cassell has offered no new evidence tending to establish his innocence.

## III.

We affirm the district court's judgment for the reasons indicated.