# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1696

———————

Gary Lefkowitz,                                            *
                                                          *
    Petitioner - Appellant,                                *
                                                          *   Appeal from the United States
v.                                                        *   District Court for the
                                                          *   District of Minnesota.
United States of America,                                 *
                                                          *
    Respondent - Appellee.                                 *

———————

Submitted: March 10, 2006
Filed: May 3, 2006

———————

Before LOKEN, Chief Judge, HANSEN and BYE, Circuit Judges.

———————

LOKEN, Chief Judge.

Gary Lefkowitz and his company, Citi-Equity Group, developed and built low and moderate income housing projects. Lefkowitz used project funds to pay personal expenses and operating costs, contrary to representations made to investors and lenders. The scheme eventually collapsed, and a jury convicted Lefkowitz of forty-five counts of mail fraud, wire fraud, income tax fraud, bankruptcy fraud, obstruction of justice, and managing a continuing financial crimes enterprise. The district court sentenced him to 293 months in prison. Lefkowitz appealed. We reversed the conviction on two counts and remanded for resentencing. United States v. Lefkowitz, 125 F.3d 608 (8th Cir. 1997), cert. denied, 523 U.S. 1079 (1998) (Lefkowitz I). On

remand, the district court again sentenced him to 293 months in prison. Lefkowitz appealed, and we summarily affirmed. United States v. Lefkowitz, 187 F.3d 644 (8th Cir. 1999), cert. denied, 528 U.S. 1190 (2000) (Lefkowitz II).

Lefkowitz then filed this motion for relief from a criminal sentence under 28 U.S.C. § 2255, raising numerous issues. The district court[1] rejected many claims as procedurally defaulted, rejected the rest on the merits, and denied § 2255 relief without an evidentiary hearing. United States v. Lefkowitz, 289 F. Supp. 2d 1076 (D. Minn. 2003) (Lefkowitz III). As subsequently amended by this court, Lefkowitz was granted a certificate of appealability on two issues:

> 1. Did this Court's limitation of funding to $169,000 for accountant experts, after a recommendation by the district court for full funding for the accounting experts in the amount of $300,000, and the cessation of funding for accountant experts prior to trial, result in the denial of the defendant's Sixth Amendment right to the effective assistance of counsel?
>
> 2. Do Blakely v. Washington, 124 S. Ct. 2531 (2004), United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Fanfan, 125 S. Ct. 738 (2005), apply to this case, and, if so, with what result?

We also granted Lefkowitz's motions for leave to file an overlength brief and reply brief. He responded with briefs arguing issues that go far beyond the limits of the amended certificate of appealability. Moreover, most if not all of those additional issues were procedurally defaulted in Lefkowitz I and Lefkowitz II. We confine our review to the issues on which a certificate of appealability was granted and affirm. See 28 U.S.C. § 2253(c); Harris v. Bowersox, 184 F.3d 744, 748 (8th Cir. 1999), cert. denied, 528 U.S. 1097 (2000).

---

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

# I. Ineffective Assistance of Counsel.

Well before trial, the district court appointed counsel to represent Lefkowitz under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. The court also ruled that Lefkowitz would ultimately bear the cost of his defense and ordered him to deposit $250,000 for that purpose because he had not shown that he was financially unable to obtain counsel. See § 3006A(b). Lefkowitz never obeyed that order. Appointed counsel subsequently applied for $300,000 in CJA funds to obtain the services of accounting experts for the defense. The district court recommended approval of that amount, but a judge of this court limited the funding to $169,000. See § 3006A(e)(3). An expert accountant testified for the defense at the May 1995 trial.

Before sentencing, Lefkowitz moved for judgment as a matter of law or a new trial. He argued both that the lack of expert witness funding deprived him of his Fifth Amendment right to due process (a fair trial), and that he was denied his Sixth Amendment right to the effective assistance of counsel because trial counsel suffered from a prejudicial lack of accounting knowledge caused by the court's refusal to approve sufficient funds to acquire the necessary expert assistance. The district court denied that motion in a twenty-four page Order dated December 7, 1995, discussing both the Fifth and Sixth Amendment issues. On direct appeal, Lefkowitz argued that he was denied due process when a judge of this court limited him to $169,000 in accountant expert fees. We rejected that claim on the merits, concluding "that the funds he received gave him the basic accounting tools for an adequate defense." Lefkowitz I, 125 F.3d at 620. Lefkowitz did not raise on appeal the related Sixth Amendment contention he had raised in the district court.

Lefkowitz now argues that the denial of $300,000 for accounting experts constituted "court-induced" ineffective assistance of counsel, relying on pre-Strickland cases such as United States v. King, 664 F.2d 1171 (10th Cir. 1981). This claim is procedurally defaulted for two reasons. First, this Sixth Amendment issue

could have been but was not raised on direct appeal. Although ineffective assistance claims are usually deferred until post-conviction proceedings, they may be raised in the trial court and on direct appeal if the relevant facts have been adequately developed. See United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1990). Here, Lefkowitz raised the issue after trial, the district court developed the record and denied relief on the merits, and the issue was not raised on direct appeal. "Absent an intervening change in the applicable law, issues that have been raised and decided on a motion for a new trial cannot be reconsidered in a subsequent collateral attack." United States v. Sanders, 723 F.2d 34, 36 (8th Cir. 1983) (citations omitted).

Second, Lefkowitz does not contend that trial counsel's assistance was ineffective because counsel failed to aggressively pursue the grant of $300,000 in CJA funds to pay accountant experts for the defense. Rather, the claim is that, despite counsel's efforts, the denial of this funding resulted in "court-induced" ineffective assistance. This is in fact a due process claim. See Ungar v. Sarafite, 376 U.S. 575, 589 (1964); United States v. Ross, 210 F.3d 916, 921-22 (8th Cir.), cert. denied, 531 U.S. 969 (2000). It was expressly raised and rejected in Lefkowitz I, 125 F.3d at 620. Thus, the claim is procedurally barred. See Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir.), cert. denied, 540 U.S. 1094 (2003).

Even if the claim were not procedurally barred, we agree with the district court that it fails on the merits. After trial, the district court held a hearing to determine whether Lefkowitz should be ordered to pay his costs of defense. The government presented evidence that he had spent several hundred thousand dollars on personal expenses and unrelated attorney's fees between June 1994 and February 1995, contrary to his repeated claims of indigence. The district court determined that Lefkowitz had funds available and ordered him to reimburse the government $316,693 for the cost of his defense. We upheld this ruling on direct appeal. Lefkowitz I, 125 F.3d at 621. Thus, any shortage in funds for Lefkowitz's defense was caused by Lefkowitz's failure to fund his own defense when he had the means to do so, not by

a lack of CJA funds to which he was not entitled. In other words, any ineffective assistance of counsel was "Lefkowitz-induced," not "court-induced."

Scattered throughout Lefkowitz's brief and reply brief are many unrelated allegations of ineffective assistance of counsel. These issues are beyond the purview of the first question on which he was granted a certificate of appealability. Accordingly, we do not consider them.

## II. Whether <u>Blakely</u> and <u>Booker</u> Apply to This Case.

Lefkowitz argues that his Sixth Amendment rights as construed in <u>Blakely</u> and <u>Booker</u> were violated when the district judge at sentencing found facts by a preponderance of the evidence, particularly the amount of loss caused by his fraud, that dramatically increased his guidelines sentencing range. In April 2005, we issued an order revising Question 2 of the certificate of appealability to include whether the Supreme Court's recent decision in <u>Booker</u> applies to this case. Thereafter, a panel of this court held that "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." <u>Never Misses A Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005). This holding is controlling here. Thus, Lefkowitz is entitled to no relief on Question 2.

We further note that Lefkowitz's briefs include many additional arguments raised as purported <u>Booker</u> issues. They are nothing of the kind. They simply rehash arguments that were made or that could have been made in <u>Lefkowitz I</u> and <u>Lefkowitz II</u> -- for example, that certain elements of his conviction under the continuing financial crimes enterprise statute, 18 U.S.C. § 225, were not proven to the jury beyond a reasonable doubt, and that the district court violated the unanimous jury principle of <u>Richardson v. United States</u>, 526 U.S. 813 (1999), when it resentenced Lefkowitz after his conviction on two of the forty-five counts was overturned on direct appeal. The

district court thoroughly considered these issues.  See Lefkowitz III, 289 F. Supp. 2d at 1082-85.  We decline to consider them because they go far beyond the scope of the certificate of appealability.

The judgment of the district court is affirmed.

_____