# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2467

_____

Hussein Osman Abdi,          *
                                *

       Appellant,     *
                                *   Appeal from the United States
    v.                        *   District Court for the
                                  *   District of Minnesota.

Mike Hatch; Eric Newmark; Amy   *
Klobuchar; Thomas Wexler,    *
                                *

       Appellees.     *

_____

Submitted: March 14, 2006
Filed: June 8, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Hussein Osman Abdi appeals from the denial of his petition for a writ of habeas corpus. We affirm.

Abdi was charged in Hennepin County, Minnesota, with five counts of first-degree criminal sexual conduct involving a twelve-year-old girl who lived with Abdi and his wife. Abdi consented to a bench trial, waived his right to confront the state's witnesses, and stipulated to the admission of the state's documentary evidence, including DNA reports. In exchange, the state agreed that if Abdi were convicted of all five counts, the state would recommend a 144-month prison sentence—the

presumptive sentence for a conviction of one count of first-degree criminal sexual conduct. Following the bench trial, Abdi was convicted of all five counts and was sentenced to 144 months in prison. After the Minnesota courts denied post-conviction relief, Abdi filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. Abdi claimed that (1) his trial counsel provided ineffective assistance by failing to request a hearing to challenge the state's DNA evidence, (2) the trial court erred by considering DNA reports when the state failed to establish that the reports' authors were qualified experts, and (3) he did not knowingly and voluntarily waive his privilege against self-incrimination.

A magistrate judge[1] recommended the denial of Abdi's habeas petition, concluding that (1) the Minnesota Court of Appeals applied the proper standard in reviewing Abdi's ineffective-assistance claim and properly concluded that counsel's decision not to request a hearing was a matter of trial strategy, (2) Abdi failed to establish that the admission of the DNA reports constituted a due-process violation warranting habeas relief, and (3) Abdi's testimonial-privilege claim was procedurally defaulted and without merit in any event. Adopting the magistrate judge's report and recommendation, the District Court[2] denied relief on all of Abdi's claims but granted a certificate of appealability on Abdi's claim that his trial counsel was ineffective and his claim that the trial court erred in admitting the DNA reports.

When considering a petition for habeas relief, we review a district court's findings of fact for clear error and its conclusions of law de novo. Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005). If a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the petitioner shows that the state court

[1]The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

We turn first to Abdi's claim that his trial counsel provided ineffective assistance by failing to request a hearing to challenge the admissibility of the DNA reports.[3]  To prevail on his ineffective-assistance claim, Abdi "must show that his trial counsel's performance fell below the standard of customary skill and diligence that a reasonably competent attorney would display and that there is a reasonable probability that the outcome would have been different but for the substandard actions of counsel."  Rousan v. Roper, 436 F.3d 951, 959 (8th Cir. 2006) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).  Judicial review of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.

After identifying the appropriate standard for reviewing claims of ineffective assistance, the Minnesota Court of Appeals concluded that Abdi's trial counsel's decision not to request a hearing to challenge the admissibility of the DNA reports was a matter of trial strategy.  Abdi v. State, No. A03-162, 2003 WL 22998859, at *4 (Minn. Ct. App. Dec. 23, 2003) (unpublished).  The court also pointed out that "because Abdi agreed to stipulate to the admission of the DNA evidence received at trial," he could not claim that he was surprised or prejudiced when the trial court

---

[3]Abdi's briefs to this Court contain numerous additional allegations of substandard performance by Abdi's trial counsel.  Because these allegations are beyond the scope of the ineffective-assistance issue on which Abdi was granted a certificate of appealability, we decline to consider them.  Lefkowitz v. United States, No. 04-1696, 2006 WL 1154957, at *3 (8th Cir. May 3, 2006).

admitted that evidence. Id. The court further noted that the trial court likely would not have excluded the DNA reports even after a hearing given the absence of evidence to suggest that the data or protocol used to create the reports were flawed. See id. The Minnesota Court of Appeals properly identified Strickland as the controlling authority for ineffective-assistance claims, and its analysis was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Therefore, the District Court did not err in denying habeas relief on this ground.

Abdi next argues that the trial court erred by considering the DNA evidence because the state failed to establish that the authors of the DNA reports were qualified experts. Abdi's argument fails. The admission of evidence at a state trial provides a basis for federal habeas relief when the "evidentiary ruling infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.), cert. denied, 488 U.S. 928 (1988). The Minnesota Court of Appeals concluded that once Abdi stipulated to the admissibility of the DNA reports, he necessarily stipulated to the expertise of the reports' authors and that the trial court did not err in admitting and relying on the DNA reports. Abdi, 2003 WL 22998859, at *3. Abdi has failed to establish that the trial court's admission of the DNA reports was error, much less the prejudicial error required to justify habeas relief. The District Court did not err in denying habeas relief on this ground.

Finally, Abdi claims that he was coerced into waiving his privilege against self-incrimination and that the waiver was therefore not knowing or voluntary. To preserve a claim for relief, "a habeas petitioner must have raised both the factual and legal bases" of his claim to the state court, Flieger v. Delo, 16 F.3d 878, 885 (8th Cir.), cert. denied, 513 U.S. 946 (1994), and afforded that court a fair opportunity to review its merits, Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir.), cert. denied, 540 U.S. 870 (2003). Where a claim is defaulted, a federal habeas court will consider it only if the

-4-

petitioner can establish either cause for the default and actual prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice. McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997). Abdi concedes that he did not raise this claim before the Minnesota Court of Appeals, but argues that we should excuse his default under the fundamental-miscarriage-of-justice exception. We decline to do so. This exception requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. See Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996); see also Cassell v. Norris, 103 F.3d 61, 62 (8th Cir. 1996) ("For actual innocence to lift the procedural bar, [a petitioner] must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted him."), cert. denied, 522 U.S. 857 (1997). Abdi has not offered any new evidence to establish his actual innocence. Therefore, we agree with the District Court that Abdi's failure to raise this claim cannot be excused under the fundamental-miscarriage-of-justice exception to procedural default. The District Court did not err in denying habeas relief on this ground.

We conclude that the District Court did not err in denying habeas relief on each of the grounds for which Abdi was granted a certificate of appealability. Therefore, we affirm the judgment of the District Court denying the writ of habeas corpus.

_____