# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4289

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Matias Leanos-Marquez, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: September 25, 2006
Filed: November 22, 2006

_____

Before WOLLMAN, BRIGHT, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

A jury convicted Matias Leanos-Marquez of conspiring to distribute methamphetamine and marijuana, 21 U.S.C. § 841(b)(1) (Count 1), distributing more than fifty grams of methamphetamine, 21 U.S.C. § 841(a)(1) (Count 8), and distributing methamphetamine to an individual under twenty-one years of age, 21 U.S.C. § 859 (Count 9). The district court sentenced Leanos-Marquez to 224 months' imprisonment and we affirmed his convictions and sentence. United States v. Leanos-Marquez, 323 F.3d 679 (8th Cir.), cert. denied, 540 U.S. 916 (2003).

In his present 28 U.S.C. § 2255 motion, Leanos-Marquez asserted a right to relief on four claims: (1) the government's use of a minor to record incriminating

conversations violated his Fourth and Fifth Amendment rights, (2) the jury foreman's failure to sign the line beneath Count 9 (distributing methamphetamine to an individual under twenty-one years of age) on the verdict form demonstrated a lack of unanimity, (3) counsel was ineffective for failing to poll the jury to discover the lack of unanimity, and (4) his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005). The district court[1] denied his motion, but granted him a certificate of appealability on all four claims. He presses the first three claims in this court and we affirm the district court's denial of relief on each claim.

We recount only the facts necessary to address Leanos-Marquez's claims. The evidence of Leanos-Marquez's guilt included two tape-recorded conversations between him and Jose Ramirez, who was seventeen-years-old at the time. Ramirez obtained drugs from Leanos-Marquez and owed him approximately $33,000. After the police arrested Ramirez for possessing one pound of methamphetamine, he agreed to record two meetings with Leanos-Marquez. Ramirez testified at trial and the prosecution introduced the two tape-recorded conversations. The jury returned guilty verdicts against Leanos-Marquez on Counts 1, 8, and 9, and acquitted him on Count 2, which alleged that he possessed a firearm in furtherance of a drug crime, 18 U.S.C. § 924. The jury foreman did not, however, sign the line—one of eighteen—on the verdict form that accompanied the finding of guilt on Count 9. The omission went unnoticed, counsel did not poll the jury, and the court sentenced Leanos-Marquez.

As to the first claim—that agents' use of a cooperative seventeen-year-old to obtain tape recordings violated Leanos-Marquez's Fifth Amendment right to due process—Leanos-Marquez argues that agents' use of "a 17 year-old to further their investigation is outrageous and contravenes the Constitutional edict that no person be

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

'deprived of life, liberty, or property, without due process of law.'" He is entitled to relief only if the "conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction[.]" United States v. Russell, 411 U.S. 423, 431-32 (1973). But here, the agent's use of a cooperative seventeen-year-old to investigate the individual suspected of selling him drugs is not outrageous, despite his age, and thus does not rise to the level of a due process violation.

Leanos-Marquez's argument also fails as a Fourth Amendment claim. He cannot assert Ramirez's personal right to challenge his consent to the tape recording. See Alderman v. United States, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal [and] . . . may not be vicariously asserted.").

We also reject Leanos-Marquez's claim that the jury did not reach a unanimous verdict on Count 9. He argues that the absence of the jury foreman's signature on the line accompanying the finding of guilt on Count 9 constitutes conclusive proof that the jury did not reach unanimity. The government, however, asserts that the missing signature was simply an oversight and, without more, does not demonstrate a lack of unanimity.

The Sixth Amendment guarantees a defendant's right to a unanimous jury verdict. United States v. Hiland, 909 F.2d 1114, 1136 (8th Cir. 1990). By entering a guilty verdict on Count 9, the trial court made the implicit factual finding that the jury reached a unanimous verdict. See United States v. Alarcon-Simi, 300 F.3d 1172, 1177 (9th Cir. 2002). The habeas court, reviewing the record, reached the same factual finding, which we review for clear error. See Williams v. United States, 452 F.3d 1009, 1012 (8th Cir. 2006) (habeas court's factual findings reviewed for clear error). The only evidence supporting Leanos-Marquez's argument is the missing signature, but without more he has not demonstrated a lack of unanimity sufficient to overcome the district court's finding. He cannot, moreover, successfully argue that

-3-

he received ineffective assistance of counsel because he has not shown he was prejudiced by counsel's failure to poll the jury. See United States v. Jones, 403 F.3d 604, 605 (8th Cir. 2005) (habeas petitioner alleging ineffective assistance of counsel must demonstrate both deficient performance and "a reasonable probability that, but for this deficiency in performance, the result of the proceeding would have been different").

Finally, though Leanos-Marqez does not pursue the argument here, the district court did not err by rejecting his Booker argument. We have held that Booker does not apply retroactively to cases on collateral review. See Lefkowitz v. United States, 446 F.3d 788, 791 (8th Cir. 2006); Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

Accordingly, we affirm the district court's denial of relief.

_____