# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-2160

_____

Jose Interiano,                                   *
                                                  *
            Appellant,                            *
                                                  *        Appeal from the United States
      v.                                          *        District Court for the
                                                  *        Western District of Missouri.
Dave Dormire,                                     *
                                                  *              [PUBLISHED]
            Appellee.                             *


_____

Submitted: November 16, 2006
      Filed:  December 18, 2006

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

      Jose Interiano appeals from the district court's[1] denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  We affirm.

      Interiano was convicted in Missouri  state court of the statutory rape of his stepdaughter and was sentenced to fifty-three years of imprisonment.  His conviction was affirmed on direct appeal.  State v. Interiano, 70 S.W.3d 629 (Mo. Ct. App. 2002).

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Interiano filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15, alleging that he was denied various constitutional rights because he was not provided with an adequate interpreter, he could not understand the proceedings, and he could not communicate effectively with his attorney. Interiano was appointed post-conviction counsel, who filed an amended post-conviction motion and did not include the pro se claims in the amended motion. The amended motion raised two claims of ineffective assistance of counsel, one for not objecting to the prosecutor's arguments to the jury regarding incriminating statements made by Interiano, and the other for not objecting to the prosecutor's attempts to impeach Interiano. The state court denied the amended motion without addressing the original pro se issues. Interiano appealed the denial of his post-conviction motion to the Missouri Court of Appeals, but again did not raise the original pro se issues concerning his inability to communicate with his trial attorney. The appeal addressed only the ineffective assistance of counsel claim for failure to object to the prosecutor's arguments to the jury regarding Interiano's incriminating statements.

Following the Missouri Court of Appeals' affirmance of the denial of his post-conviction motion, see Interiano v. State, 143 S.W.3d 645 (Mo. Ct. App. 2004), Interiano filed an original petition and an amended petition for writ of habeas corpus in federal district court, alleging (1) the denial of his rights to due process and the effective assistance of trial counsel because he was unable to communicate with his attorney or participate in his own defense, and (2) various specific ineffective assistance of trial counsel claims, including: (a) failing to advise Interiano of his rights, (b) failing to explain the proceedings, (c) failing to move for a change of venue, (d) failing to call particular witnesses, (e) excluding Interiano from pre-trial proceedings, (f) failing to challenge the composition of the venire panel, and (g) failing to conduct follow-up questioning with certain venire persons. The district court denied the § 2254 motion because the issues raised therein were not raised in state court, and Interiano failed to demonstrate cause and prejudice to excuse the

procedural default. Interiano appeals, arguing that his trial counsel's ineffectiveness excuses the default.

"[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." Winfield v. Roper, 460 F.3d 1026, 1034 (8th Cir. 2006); Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005), cert. denied, 126 S. Ct. 1569 (2006). Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he shows cause and prejudice for the default or a miscarriage of justice. Winfield, 460 F.3d at 1034. The claims raised in Interiano's § 2254 petition are procedurally defaulted because none of the claims were presented in his state court Rule 29.15 motion or included in his appeal to the Missouri Court of Appeals. See Osborne, 411 F.3d at 919. Thus, Interiano must show cause and prejudice to overcome the default.

"'[A]ttorney error that results in a procedural default' is not cause unless the attorney's performance was constitutionally deficient." Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)), cert. denied, 126 S. Ct. 1351 (2006). Interiano cannot rely on the ineffectiveness of his post-conviction counsel in failing to raise in state court the claims he now seeks to assert because "there is no Sixth Amendment right to the effective assistance of post-conviction counsel." Id. (construing Coleman v. Thompson, 501 U.S. 722, 752-54 (1991)). Interiano tries to avoid this hurdle by arguing that it was his trial counsel's ineffectiveness in failing to inform the court of the communication problems that prevented post-conviction counsel from knowing of the issues and raising them in his state court post-conviction filings. In other words, because of trial counsel's ineffectiveness, post-conviction counsel had no way to know that the claims existed. However, the issues were available to Interiano's post-conviction counsel as evidenced from Interiano's own original pro se Rule 29.15 motion, in which he alleged that he had not been able to communicate with his trial attorney or understand and participate

in the trial court proceedings. Thus, it was his post-conviction counsel's failure to raise these available claims and pursue them in the state court post-conviction proceedings, not a deficiency by his trial counsel, that resulted in the procedural default. See Osborne, 411 F.3d at 919-20 (finding no cause to excuse the procedural default of a claim of ineffective assistance of trial counsel where the claim was presented in the petitioner's Rule 29.15 motion but was not pursued on appeal); see also Carrier, 477 U.S. at 489 ("The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, . . . whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief." (internal citations and marks omitted)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004) ("In order for deficient trial work to constitute the kind of 'cause' that would excuse a procedural bar . . . petitioner [also] must have independently presented this ineffective assistance claim to the state court for adjudication."), cert. denied, 126 S. Ct. 41 (2005).

The district court's judgment dismissing Interiano's § 2254 petition is affirmed.

_____