# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1864

_____

Daniel Oglesby,                                    *
                                                   *
            Petitioner - Appellant,                *
                                                   *   Appeal from the United States
v.                                                 *   District Court for the Eastern
                                                   *   District of Missouri.
Michael Bowersox,                                  *
                                                   *
            Respondent - Appellee.                 *

_____

Submitted: December 18, 2009
Filed: January 29, 2010

_____

Before LOKEN, Chief Judge, BENTON, Circuit Judge, and VIKEN,[1] District Judge.

_____

BENTON, Circuit Judge.

Daniel K. Oglesby moved for habeas relief under 28 U.S.C. § 2254. The district court[2] denied relief. Oglesby appeals. Having jurisdiction under 28 U.S.C. §§ 1291 and 2253, this court affirms.

_____

[1] The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, sitting by designation.

[2] The Honorable Audrey H. Fleissig, United States Magistrate Judge for the Eastern District of Missouri, sitting with the consent of the parties pursuant to 28 U.S.C. § 636(c).

# I.

A Missouri jury convicted Oglesby of attempting to produce or manufacture a controlled substance. Oglesby cultivated a large amount of marijuana at the residence he shared with his wife, Jennifer. Jennifer was charged separately and represented by the same public defender as Oglesby. Oglesby was sentenced to 12 years' imprisonment. His conviction and sentence were affirmed on direct appeal. *See **State v. Oglesby***, 103 S.W.3d 890 (Mo. App. 2003).

On May 23, 2003, Oglesby moved pro se for postconviction relief under Missouri Supreme Court Rule 29.15. Among other things, he claimed ineffective assistance of counsel due to a conflict-of-interest from the attorney's dual representation of himself and his wife in their separate proceedings. On June 6, postconviction counsel was appointed to represent Oglesby. On September 4, this counsel filed an amended motion for postconviction relief that did not include the conflict-of-interest claim.

On June 1, 2004, a hearing was held on Oglesby's 29.15 motion. At the start of the hearing, the court noted the absence of the conflict-of-interest claim from the amended motion. Oglesby's counsel stated that "we really didn't have a record that a conflict of interest existed." His counsel then asked the court to allow him to amend the motion if the evidence at the hearing showed a conflict of interest. Following the testimony of Oglesby's trial counsel, postconviction counsel asked the court to amend the amended postconviction motion to include the conflict-of-interest claim. The court asked if it had authority to allow an amendment at that stage of the proceedings. The prosecutor responded that he believed the court did have that authority. The court allowed the amendment.

The postconviction court rejected, on the merits, Oglesby's claim of ineffective assistance of counsel based on a conflict-of-interest. On appeal, the Missouri Court

of Appeals held that the postconviction court erred in allowing Oglesby to amend his motion at the hearing, as it was beyond the 90-day time limit under Rule 29.15(g) for appointed counsel to file an amended motion. *See State v. Oglesby*, 168 S.W.3d 605 (Mo. App. 2005). The court of appeals held that the postconviction court did not have jurisdiction to consider the claim, and thus it also had no jurisdiction over the claim. On habeas review, the district court denied Oglesby's petition, holding that the conflict-of-interest claim was procedurally defaulted in state court. *See Oglesby v. Bowersox*, No. 06-0126, 2009 WL 981235 (E.D. Mo. April 9, 2009).

## II.

This court reviews the factual findings of the district court for clear error, *Kinder v. Bowersox*, 272 F.3d 532, 538 (8th Cir. 2001), and reviews a finding of procedural default de novo. *Kerns v. Ault*, 408 F.3d 447, 449 (8th Cir. 2005). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar," a federal habeas court is precluded from reviewing the claim. *Harris v. Reed*, 489 U.S. 255, 263 (1989), *quoting Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by [a federal court] of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991), *quoting James v. Kentucky*, 466 U.S. 341, 348 (1984).

The Missouri Court of Appeals was "the last state court rendering a judgment in the case." Its ruling denying the conflict-of-interest claim rested solely on a state

procedural bar. The court of appeals stated that Oglesby's claim was not asserted until the hearing, nine months after the amended motion was filed. The court then recited Rule 29.15(g)'s 90-day limit for filing an amended motion. The court stated that the postconviction court had no authority to allow an amended postconviction motion after the time in Rule 29.15 expired, citing *Edgington v. State*, 869 S.W.2d 266, 269 (Mo. App. 1994). Because the postconviction court did not have jurisdiction to review Oglesby's untimely conflict-of-interest claim, the court of appeals held it had no jurisdiction to review the claim on the merits. The court of appeals thus did not address the merits of the claim, "clearly and expressly" basing its decision on the procedural bar.

Missouri courts consistently hold that the time limits in Rule 29.15(g) are valid and mandatory. *See, e.g.*, **Day v. State**, 770 S.W.2d 692, 695 (Mo. banc 1989); **Rutherford v. State**, 192 S.W.3d 746, 748 (Mo. App. 2006); **Norville v. State**, 83 S.W.3d 112, 114 & n.1 (Mo. App. 2002). *See also* **Francis v. Miller**, 557 F.3d 894, 899 (8th Cir. 2009) (stating Rule 29.15 is a "firmly established and regularly followed" state procedural rule that provides "substantive, well-established procedures that movants are required to follow in order to have their claims considered post-trial."). Oglesby contends that the postconviction rules in Missouri are not uniform and regular, suggesting as an example the change to Rule 29.15 that eliminated the requirement that a movant sign a motion amended by postconviction counsel. **Mo. Sup. Ct. R. 29.15(g)** (amended Jan. 1, 1996). This change, however, was not the basis for the court of appeals' ruling. Oglesby does not argue that the Rule 29.15(g)'s *time limits* are not firmly established and regularly followed.

Oglesby cites *Clemmons v. Delo*, 124 F.3d 944, 948 (8th Cir. 1997), as support that his claim was not defaulted. In *Clemmons*, this court held that a postconviction claim not pursued on state appeal was not procedurally defaulted. Clemmons' postconviction counsel filed a brief with the Missouri Supreme Court that omitted a claim presented to the postconviction court. Clemmons instructed his counsel to file

a supplemental brief including the omitted claim, but counsel refused. Clemmons then sought to file a supplemental brief pro se, but leave was denied. Noting the "unique circumstances," this court held that the Missouri Supreme Court had no established rule barring pro se briefs, and therefore, federal review of the claim was not precluded. *Id. Clemmons* does not apply in this case, because here the procedural rule invoked by the court of appeals was the regularly-applied time limits in Rule 29.15(g). Oglesby's claim was defaulted pursuant to an independent and adequate state procedural rule that is firmly established and regularly followed by the Missouri courts.

Oglesby argues that even if Rule 29.15(g) was firmly established and regularly followed, this court should review his claim because this is an "exceptional" case. *See Lee v. Kemna*, 534 U.S. 362, 376 (2002) (stating that "exceptional cases [exist] in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question" in a habeas proceeding.). Oglesby contends this is an exceptional case because the state agreed to the untimely amendment at the postconviction hearing. To the contrary, the Missouri Court of Appeals held that the valid and mandatory time limits in Rule 29.15 are not extended by the state's failure to challenge the timeliness of the claim. This is not an exorbitant application of the rule. *See Suman v. State*, 783 S.W.2d 525, 525-26 (Mo. App. 1990); *King v. State*, 772 S.W.2d 18, 19 (Mo. App. 1989).

Oglesby has not established cause to excuse the procedural default. The basis for his claim was available to counsel, and ineffective assistance of postconviction counsel is not a cause for procedural default. *Interiano v. Dormire*, 471 F.3d 854, 857 (8th Cir. 2006) (default not excused when postconviction counsel failed to raise a claim in amended 29.15 motion, or on appeal from the denial of that motion, which had been included in petitioner's pro se postconviction motion). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default."

*Murray v. Carrier*, 477 U.S. 478, 486 (1986); *see also Zeitvogel v. Delo*, 84 F.3d 276, 279 (8th Cir. 1996) ("To establish cause, [petitioner] must show something beyond the control of postconviction counsel, like State interference, actually prevented postconviction counsel from raising the claims and presenting the evidence in state court."). Because Oglesby has not established cause for the default, the question of prejudice need not be reached. *See Oxford v. Delo*, 59 F.3d 741, 748 (8th Cir. 1995).

Oglesby also cannot demonstrate a fundamental miscarriage of justice from a failure to consider his claim. To meet this exception, "a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). Oglesby makes no claim of actual innocence. The district court did not err in holding that Oglesby's conflict-of-interest claim was procedurally defaulted and that no cause to excuse the default or a miscarriage of justice has been demonstrated.

## III.

The judgment of the district court is affirmed.

_____