# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1066/10-2322

———————

Robert Maxwell,                            *
                                           *
                  Appellant,               *
                                           *   Appeals from the United States
         v.                                *   District Court for the Eastern
                                           *   District of Arkansas.
D. White, Warden, Maximum                  *
Security Unit, ADC,                        *   [UNPUBLISHED]
                                           *
                  Appellee.                *

———————

Submitted: December 27, 2010
Filed: February 17, 2011

———————

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

———————

PER CURIAM.

Arkansas prisoner Robert Maxwell appeals the district court's[1] dismissal of his 28 U.S.C. § 2254 habeas petition. Maxwell also appeals the denial of his motion seeking relief under Federal Rule of Civil Procedure 60(b).

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

A jury convicted Maxwell of one count of first-degree unlawful discharge of a firearm from a vehicle and four counts of second-degree unlawful discharge of a firearm from a vehicle. Maxwell's petition seeking post-conviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure was dismissed as untimely. Maxwell then filed this federal habeas proceeding, which the district court dismissed, concluding that he procedurally defaulted any claims raised in his Rule 37 petition by failing to file it on time. Maxwell appealed the dismissal, and we granted his request for a certificate of appealability.

Maxwell defaulted the claims presented in his Rule 37 petition by failing to file it by the deadline provided for by the State's procedural rules, but he can overcome this procedural default by showing cause for the default and actual prejudice. See Oglesby v. Bowersox, 592 F.3d 922, 924 (8th Cir.) (failure to follow independent and adequate state procedural rule results in procedural bar absent showing of cause and prejudice, or fundamental miscarriage of justice) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)), cert. denied, 131 S. Ct. 207 (2010). Maxwell maintains he submitted his Rule 37 petition to prison authorities for mailing five days before it was due, which could constitute cause for the untimely filing. See Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (non-delivery of prisoner's timely and properly mailed state post-conviction motion can constitute cause for failing to timely file motion). Nevertheless, having carefully reviewed the claims Maxwell raised in his federal habeas petition, we conclude he cannot make the required showing of prejudice. See Armstrong v. Kemna, 590 F.3d 592, 606 (8th Cir.) (concluding claims in petitioner's untimely state post-conviction motion were procedurally barred despite district court's finding there was cause for default because petitioner failed to show prejudice), cert. denied, 130 S. Ct. 3369 (2010); Ivy, 173 F.3d at 1140-41 (petitioner claiming there was cause for untimely filing of state post-conviction motion was required to establish both cause and actual prejudice to obtain consideration of defaulted claims). We therefore affirm the district court's dismissal of his petition on this basis. See Holman

v. Kemna, 212 F.3d 413, 418 (8th Cir. 2000) (court of appeals may affirm judgment in habeas case on any basis supported by record).

Maxwell also appeals the district court's denial of his pro se Rule 60(b) motion. We conclude Maxwell has not shown that the district court's denial of the motion presents any issue warranting a certificate of appealability.  Further, Maxwell's pro se motions seeking release pending disposition of his habeas petition are denied.  The district court's order dismissing Maxwell's habeas petition is affirmed.  Maxwell's request for a certificate of appealability in the appeal from the denial of his Rule 60(b) motion is denied, and that appeal is dismissed.

_____