# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2326

_____

Vernist McCraney

*Plaintiff - Appellant*

v.

Ray Hobbs, Director, Arkansas Department of Correction

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: January 16, 2013
Filed: March 11, 2013
[Unpublished]

_____

Before BYE, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Vernist McCraney appeals from the judgment of the district court[1] denying his petition for a writ of habeas corpus. We affirm.

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

# I

Vernist McCraney was convicted of delivery of a controlled substance (crack cocaine) in an Arkansas state court. Because the state presented evidence that McCraney distributed the drugs within 1,000 feet of a church, his sentence was enhanced by 120 months for a total of 264 months' imprisonment. The state raised the enhancement issue just one day before trial, and McCraney's attorney, Donny Gillaspie, did not object, ask for a continuance, or investigate the alleged distance himself. McCraney appealed his conviction to the Arkansas Court of Appeals, which affirmed the lower court's decision. McCraney then filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, asserting ineffective assistance of counsel. His petition was denied. On appeal, the Arkansas Supreme Court affirmed the denial of McCraney's request for Rule 37 relief, finding Gillaspie's failure to investigate or seek a continuance with respect to the enhancement did not constitute ineffective assistance. McCraney v. State, 360 S.W.3d 144, 148–49 (Ark. 2010).

On September 29, 2010, McCraney sought habeas relief in the United States District Court for the Eastern District of Arkansas. Having allegedly discovered only after being incarcerated that Gillaspie had been subject to bar reprimands and surrendered his license on account of an illegal drug addiction, McCraney argued for the first time before the district court that Gillaspie's drug addiction had impaired Gillaspie's judgment during trial preparation and rendered his representation ineffective. On April 16, 2012, Magistrate Judge Jerome Y. Kearney recommended dismissing McCraney's petition. He concluded that because McCraney had not raised the issue of Gillaspie's drug addiction before the state court, this claim was procedurally defaulted. In his objection to the magistrate judge's report and recommendation, McCraney acknowledged that the claim was procedurally defaulted, but argued his default should be excused as he had only learned of Gillaspie's addiction after exhausting his state remedies.

On May 21, 2012, the district court adopted the magistrate judge's proposed findings and recommendations and dismissed McCraney's petition. It concluded that even assuming McCraney's lack of knowledge could constitute cause for the default, McCraney had failed to demonstrate actual prejudice resulting from Gillaspie's actions. See Murphy v. King, 652 F.3d 845, 849 (8th Cir. 2011) (noting that to overcome a procedural bar, a prisoner must demonstrate (1) cause for the default and actual prejudice or (2) that failure to consider the defaulted claim would constitute a miscarriage of justice). Specifically, the district court noted the Arkansas Supreme Court had already addressed the enhancement issue and found Gillaspie had made a reasonable, tactical decision not to seek a continuance or to measure the distance himself. Accordingly, the district court concluded McCraney could not demonstrate a reasonable probability that "the errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Armstrong v. Kemna, 590 F.3d 592, 606 (8th Cir. 2010) (internal citation omitted).

The district court also determined McCraney could not meet the fundamental-miscarriage-of-justice exception because "[t]o meet this exception, a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Oglesby v. Bowersox, 592 F.3d 922, 926 (8th Cir. 2010) (internal citation and quotation marks omitted). Because it determined McCraney could not satisfy either exception to the procedural bar, see Murphy, 652 F.3d at 849, the district court concluded his claim of ineffective assistance of counsel resulting from Gillaspie's drug addiction was procedurally defaulted. McCraney now appeals.

II

McCraney challenges the district court's denial of habeas relief on two grounds: (1) the court erred in determining his claim of ineffective assistance of counsel was

procedurally defaulted and (2) Gillaspie's illegal drug addiction indicates performance below the standard of reasonableness, demanding the success of McCraney's habeas petition on the merits. The government raises an additional objection to McCraney's claim, arguing it is not only procedurally defaulted but also time-barred under the one-year statute of limitations for filing a § 2254 petition.

Upon review of the record, we find it likely that McCraney has incurably procedurally defaulted his claim of ineffective assistance of counsel as it relates to Gillaspie's illegal drug addiction. See id. Nonetheless, questions of procedural default and timeliness do not present jurisdictional bars to our review, see Day v. McDonough, 547 U.S. 198, 205 (2006), and both parties have thoroughly briefed the issues relevant to McCraney's claim. Accordingly, in the interest of judicial economy, we shall proceed to the merits of McCraney's claim. See Trussell v. Bowersox, 447 F.3d 588, 590–91 (8th Cir. 2006) (bypassing questions of procedural default and timeliness in the interest of judicial economy); see also Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997) ("When a state court decides an issue on the merits despite a possible procedural default, no independent and adequate state ground bars consideration of that claim by a habeas court.").

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

McCraney's claim is governed by AEDPA and the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), which require that a defendant alleging a violation of the Sixth Amendment right to counsel must show both that counsel's performance was deficient and that the deficiency prejudiced the defendant. Id. at 687. In the state court proceedings, the Arkansas court adjudicated both prongs of McCraney's ineffective-assistance claim on the merits.

With respect to the first prong of the Strickland standard, the Arkansas state court concluded that Gillaspie's failure to ask for a continuance or investigate the distance himself was a tactical decision and, therefore, not unreasonable. McCraney disagrees. He argues the Supreme Court made clear in Williams v. Taylor, 529 U.S. 362, 396 (2000), that counsel has a duty to thoroughly investigate a defendant's background for purposes of establishing a defense, rendering Gillaspie's failure to investigate the distance between the church and the site of his crime unreasonable. While McCraney acknowledges that the distance issue is not encompassed by his "background," he contends it has the same effect of establishing mitigating factors that may be relevant to his defense. In our view, McCraney fails to establish that the Arkansas state court unreasonably applied the Strickland standard in opposition to clearly established federal law. Gillaspie testified before the state court that he knew the officer who made the measurement to be truthful, had spoken with him before trial, and was assured by the officer that the measurement was well within the 1,000 feet required by statute. Resp't Ex. 2 at 64–65. In addition, Gillaspie cross-examined the officer at trial regarding why the measurement supporting the enhancement was made only one day before trial. Resp't Ex. 1B at 105–06. Accordingly, we believe the state court reasonably applied the first prong of the Strickland standard and that its determination with respect to that prong was factually supported by the evidence before it.

With respect to the second prong of the Strickland standard, counsel's performance is prejudicial if there is a "reasonable probability that, but for counsel's

-5-

unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. The district court concluded McCraney had not been prejudiced by Gillaspie's representation because there was no reason to believe McCraney's case would have concluded differently had Gillaspie personally investigated the alleged distance between the site of McCraney's criminal activity and the church. McCraney, in contrast, argues that but for Gillaspie's performance, the results of his case would have been different. In support, he points to the fact that the state had conducted many simultaneous arrests on the date of his arrest and that it had only introduced the enhancement one day before trial. Construing this argument generously, we may assume McCraney means to suggest that the state may have been mistaken in its distance calculation. McCraney has never alleged, however, that the distance between the church and the site of his crime was over 1,000 feet. Indeed, even at trial, McCraney did not argue the distance had been miscalculated; he merely asserted that he had not committed the crime. Thus, McCraney fails to demonstrate that an investigation or objection by Gillaspie would have changed the outcome of his trial. Accordingly, we find the state court reasonably applied the second prong of the Strickland standard and that its determination with respect to that prong was factually supported by the evidence before it.

For the foregoing reasons, we affirm the district court's denial of McCraney's habeas petition.

_____